UTICA,
Aug. 1825.

Manufacturing
Company
v.
Vanderpoel.

THE COLUMBIAN MANUFACTURING COMPANY *against*
VANDERPOEL.

. The real and personal estate of manufacturing companies are, by the *act for the assessment and collection of taxes*, passed April 23d, 1823, (sess. 46, ch. 262, s. 14,) rendered subject to taxation; and that act virtually repeals the *act for the encouragement of manufactures within this state*, passed February 28th, 1817, (sess. 40, ch. 64.)

TRESPASS against the defendant, for taking certain bales of cotton sheeting, manufactured and owned by the plaintiffs, from their possession in the town of Stuyvesant, county of Columbia. The defendant was collector of that town, and had a tax list of the town for A. D. 1823, and a warrant in the usual form to collect the taxes. This list, among others, included a tax of 149 dollars against the plaintiffs, assessed upon their property in the town of Stuyvesant, on an estimation as follows:

| | Non-residents. | No. of acres. | Quality of land. | Real estate. | Personal. | Total of. | Tax. |
|---|---|---|---|---|---|---|---|
| *Columbia-Ville Manufacturing Company:* | | 20 | 2d | 30,000 | 20,000 | 50,000 | $149 |

The plaintiffs refused to pay the tax, on the ground that their property was exempt from taxation. To collect the tax by virtue of his warrant, the defendant levied on, and sold the above bales of cotton.

*C. Bushnell & A. Spencer*, for the plaintiffs, cited Laws N. Y. sess. 40, ch. 64; id. sess. 46, ch. 262, s. 4; Journals of the Assembly, sess. 47, A. D. 1824, p. 187, Report of the Attorney General; *Brown* v. *Compton*, (8 T. R. 430, 1, 3;) *Jackson* v. *Smith*, (5 John. Rep. 115;) *Van Slyck* v. *Taylor*, (9 id. 146;) *Suydam* v. *Keys*, (13 id. 444;) *Cable* v. *Cooper*, (15 id. 152, 6, 7;) and *Bigelow* v. *Stearns*, (19 id. 39.)

*J. & A. Vanderpool*, for the defendant, cited Laws N. Y. sess. 46, ch. 262, s. 3, 4, 14, 15, 16, 69; and *The People* v. *The Utica Ins. Co.* (15 John. Rep. 380.)

*Curia*, per SUTHERLAND, J. The question in this case is, whether the act of February 28th, 1817, exempting the buildings, machinery and the manufactured articles in the hands of the manufacturer of every cotton, woolen or linen

manufactory within this state, is repealed by the act for the assessment and collection of taxes, passed April 23d, 1823.

The latter act was intended as a revision of all the laws upon the subject of taxation ; and it was obviously the intention of the legislature to embrace in it, either in terms, or by reference, all the subsisting legal provisions upon that subject.

The 3d section of the act contains an enumeration of certain species of property, belonging to certain classes and individuals, which it declares shall be exempt from taxation. Neither the real, nor personal property of manufacturing societies is mentioned in that section.

The 14th section provides, *that all incorporated companies* receiving a regular income, &c. shall be considered *persons* within the meeting of the act, and assessments shall be made and taxes imposed and levied upon them, and collected in the same manner as upon individuals ; and that the cashiers of banks, secretaries of insurance companies, and secretaries or treasurers *of all manufacturing companies*, shall make and deliver to the assessors, &c. a list containing *the real estate* occupied by such company, if any ; and the amount of capital actually paid in, (except &c.) and the assessors shall insert in their assessment roll, opposite to the name of such company, the amount of such real and personal property.

The next section makes it the duty of the cashier, treasurer or secretary, as the case may be, to pay the amount of the tax imposed *upon such company*.

The language of the 14th section is as broad and comprehensive as it is capable of being made ; and in terms renders the real and personal estate of *all manufacturing companies* subject to taxation. Does it not then, in relation to the act of February 28th, 1817, fall within the general principle that *leges posteriores, priores contrarias abrogant ?* The one declares that all the buildings, machinery, &c. of every cotton, woolen and linen manufactory, shall be exempted from taxation ; the other, that the assessments shall be made and taxes imposed, levied and collected upon *all* incorporated companies, &c. as upon individuals ; that the secretaries or treasurers of all manufac-

UTICA,
Aug. 1825.

Manufacturing
Company
v.
Vanderpoel.

turing companies shall deliver a list of the real estate occu-pied by such company, and the amount of capital actually paid in, to the assessors, who shall insert it in their assess-ment roll, &c.; and that the secretary or treasurer shall *pay the tax imposed upon such company.* Two statutes more directly repugnant to each other, could not well be penned; and though the latter statute is not couched in negative terms, yet it appears to me, necessarily to imply a negative, and virtually to repeal the former.

But it is supposed by the counsel for the plaintiffs, that the 4th section of the act of 1823, expressly recognizes the existence of the act of 1817; and saves and perpetuates it.

This section provides that all real and personal estate of whatsoever description, household furniture, except as above exempted, goods, chattels, &c. bank stock, and all other kinds of stock, and all such property, real and personal, as is not exempted by some law of the United States, or of this state, or by the constitution of this state, shall be sub-ject to taxation under the meaning of this act.

The argument is, that this exemption has nothing to oper-ate upon, unless it refers to the act of 1817; that it cannot relate to laws subsequently to be passed, because the legisla-ture must have known that any subsequent law exempting property from taxation, would be valid and effectual without it. In that aspect, therefore, it was entirely useless. It certainly was so; but not more useless or unavailing than the accompanying provision in relation to property exempt by the laws of the United States, or the constitution of this state. The legislature must equally have known, that however general and absolute the terms of their law might be, it could not affect property which either a law of the United States, passed under the authority conferred upon congress by the constitution, or the constitution of this state had exempted, or should exempt from taxation. The con-stitution of this state, and the laws passed by congress, un-der the authority conferred by the constitution of the Uni-ted States, are paramount, and need no saving clauses to secure their operation and effect. These considerations show that the provisions in the 4th section, relied on by

the plaintiffs, were probably inserted as matter of form, or from abundant caution, and not from a mature consideration of their necessity and effect.

At all events, if the subsequent provisions of the act are so clearly contrary to the act of 1817, that the repugnancy could not have escaped the attention of the legislature ; so contrary, as to show that they must have known the latter virtually repealed the former, it would be doing violence to the principles of sound construction applicable to statutes, to sustain a law, which the legislature had thus clearly manifested their intention to repeal, upon the strength of so questionable a clause as that relied upon.

I am therefore of opinion, that the property of the plaintiffs was liable to taxation, and that they have no cause of action against the defendant.

Judgment for the defendant.