## SUPREME COURT.

### THE VILLAGE OF COHOES agt. PETER MORAN.

A provision in the village law of the village of Cohoes, passed in 1855, reads as follows: " § 96. No person shall sell or *give* any spirituous or intoxicating liquors within the bounds of said village upon the *Sabbath day.*" And after stating other provisions, it says: " Every person offending against either of these provisions shall be subject to a fine of $25."

The general *excise law* of 1857 (§ 13) imposes a penalty of $50 for *selling* any strong or spirituous liquors in quantities less than five gallons without a license; and by § 14 a similar penalty for selling the same in any quantity to be drank in the seller's house, shop, outhouse or garden; and by § 21 makes it a *misdemeanor* for any tavern keeper or licensed person to *sell or give* away any intoxicating liquors or wines on *Sunday.*

*Held*, that the provision in the village law might be upheld as a valid police regulation, applicable to that particular locality, without coming in collision with any of the provisions of the general law; that the village law was not *repealed by the general law by implication.*

Therefore *held*, that the trial and conviction of the defendant, under the village law, for giving *or* selling spirituous liquors on the Sabbath, could be sustained where a verdict or judgment finding him guilty of *giving* away the liquor could not be properly set aside for want of evidence.

*Albany General Term, December*, 1860.

GOULD, HOGEBOOM and PECKHAM, *Justices.*

APPEAL by plaintiffs from a judgment of the county court of the county of Albany, reversing a justice's judgment for $25 and costs, rendered against the defendant for a penalty of $25 for giving or selling intoxicating liquor on Sunday in the village of Cohoes.

J. F. CRAWFORD, *for plaintiffs, appellants.*

J. W. MILLER, *for defendant, respondent.*

HOGEBOOM, Justice. There was sufficient evidence to enable the justice to render a valid judgment against the defendant, if the local law applicable to the village of Cohoes is not repealed by the general excise law of 1857. And there appear to be no embarrassing questions as to the adjournment or other alleged irregularities or errors

in the course of the proceedings. The only serious question seems to be, whether the provisions of the excise law of 1857 are so inconsistent with those contained in the charter of the village of Cohoes, as to operate in regard to the penalty in question as a repeal of the latter. I am of opinion that they are not.

The village law is as follows : " § 96. No person shall sell or give any spirituous or intoxicating liquors within the bounds of said village upon the Sabbath day." Then follow other provisions, and then this language : " Every person offending against either of these provisions shall be subject to a fine of $25." (*Laws of* 1855, *chap.* 352, § 96.)

The excise law of 1857, by section 13, imposes a penalty of $50 for *selling* any strong or spirituous liquors in quantities less than five gallons without ,a license ; and by section 14 a similar penalty for selling the same *in any quantity* to be drank in the seller's house, shop, outhouse or garden ; and by section 21 makes it a misdemeanor for any tavern keeper or licensed person to sell or give away any intoxicating liquors or wines on Sunday. (*Laws of* 1857, *chap.* 628, §§ 13, 14, 21.)

I think all these laws may well stand together, and do not conflict. It is true that the provisions of the general law include the village of Cohoes, unless the latter is specially or by implication excepted. But nevertheless I am not able to see that the particular offence for which a recovery was had in the present case, was covered by the general law ; or if it was, then I think the penalties are cumulative.

The defendant was tried and convicted for giving *or* selling spirituous liquors on the *Sabbath.* I incline to think a verdict or judgment finding him guilty of *giving* away the liquor could not have been properly set aside for want of evidence ; and such an offence was clearly not subject to a penalty of $50 under the general law.

Again : He gave or sold the liquor on the *Sabbath ;* and

this is the *main* feature of the offence. For this the plaintiffs *complained;* to this the evidence was *pointed;* and of this he was *convicted.* The general law makes no allusion to *such* an offence, except to pronounce it a misdemeanor, which would not, I think, repeal a previous statute imposing a pecuniary penalty recoverable in a civil action.

The only answer that can be made to this, that I can conceive of, is, that the general law imposing a penalty of $50 would cover a sale made on *Sunday* as well as on any other day. This is so, but not *because* the sale was made on Sunday. The distinguishing feature in the general law, and that which particularly marks the forbidden act for condemnation, is, that the sale is *without license;* and in the 14th section, *also* that the liquor was to be drank *on the premises.* In the village act the fact of license or no license is of no importance ; nor is the place where the liquor is to be drank at all essential.

In my opinion the provision in question may well be upheld as a valid police regulation, sanctioned by the legislature, and applicable to that particular locality, without coming in collision with any of the provisions of the general law. Repeals by implication are not favored, and the law in question tends to promote the proper observance of the Sabbath day.

I think the judgment of the county court should be reversed, and that of the justice affirmed, with costs.

Gould, J., concurred.

Peckham, J., dissented.