ROBERT WERNER *v.* THE GERMAN SAVINGS BANK.

A statute which is inconsistent with some of the provisions of a former statute, impliedly repeals the latter, so far as the provisions are incompatible with each other, leaving the former law in full force and effect in all other respects. Subsequently to the passage of the General Statute of 1853 (Laws of 1853, ch. 257), which requires that all savings banks, then or thereafter to be created in the counties of New York and Kings, shall pay interest on deposits, at the rate of one per cent. per annum greater on sums of $500 and under, than on sums exceeding $500, the act incorporating the defendant as a savings bank was passed. By the latter act, the defendant's trustees, were required to regulate the rate of interest to be allowed to all depositors without distinction, so that the latter should receive a ratable proportion of all the profits of the defendant's business, and provision was made for the distribution of surplus moneys, from time to time, among depositors. The defendant's trustees, having fixed the rate of interest on all deposits at 5 per cent., the plaintiff, a depositor of $250, sues to recover an additional one per cent., interest, upon that amount.

*Held,* on demurrer to the complaint, that he could not recover.

APPEAL by the plaintiff from a judgment of the Fourth District Court upon demurrer.

The action was brought to recover of the defendants the sum of three dollars and seventy-five cents, for three months interest on two hundred and fifty dollars, at the rate of six per cent. per annum.

The complaint alleged that by the fifth section of the "Act in relation to savings banks, or institutions for savings, in the city and county of New York, and the county of Kings," passed April 15, 1853 (Session Laws, ch. 257, page 550), the rate of interest on all deposits of $500 and under was required to be one per cent. per annum greater than that allowed on any sum exceeding $500. The complaint also alleged that the defendant was a savings institution duly incorporated by an act of the Legislature of the State of New York, passed April 9, 1859, entitled "An act to incorporate the German Savings Bank, in the City of New York"; that the plaintiff deposited with the defendant the sum of $250; that he had demanded the amount claimed, being six per cent. per annum interest on

that amount for three months; that the defendant allowed five per cent. per annum interest on deposits exceeding $500. The complaint also alleged that the Bank Superintendent of the State of New York had decided upon the question of defendant's liability, which decision was contained in two communications from that officer, and annexed to and made a part of the complaint; that the defendant had many thousand dollars of surplus funds, and much more than enough to pay all arrearages of interest to depositors of $500 and under.

The defendants demurred to the complaint on the ground that, if taken as true, it did not state facts sufficient to constitute a cause of action.

Judgment for the defendants on the demurrer with costs, unless the plaintiff amend his complaint so as to show a cause of action against the defendants.

The plaintiff appealed to this Court.

*Stallknecht & Hall*, for appellant, cited *Bowen* v. *Lease* (5 Hill 225); *People* v. *Deming* (1 Hilt. 271); *Mayor, &c.* v. *Walker* (4 E. D. Smith 258); *McCartee* v. *Orphan Asylum Society* (9 Cow. 507); *Hayes* v. *Symonds* (9 Barb. 260); *Harrington* v. *Rochester* (10 Wend. 547).

*M. V. B. Wilcoxson*, for respondent.

By the Court.—Brady, J.—The act of the legislature passed April 15, 1853 (Laws 1853, p. 550), is general. It is "relative to savings banks, or institutions for savings, in the city and county of New York, and the county of Kings," and by its terms applies as well to banks chartered when it was passed, as to banks which might be chartered. It does not follow, however, that it is controlling upon the defendants. They were incorporated by an act passed in 1859 (Laws, p. 469), which contains provisions upon the same subject embraced in the general act which are incompatible with it; and, according to well-settled rules, a subsequent statute making a different provision on the same subject, is not to be construed as explanatory but as an implied repeal of the former. If the subsequent act is inconsistent with some of the provisions only of the former or

pre-existing law, it is an implied repeal of the first, so far as the provisions are incompatible with each other, leaving the original law in full force and effect in all other respects. This is more particularly so, if it appears that it was intended that the latter statute should govern in the case provided for (*Dash* v. *Van Kleeck*, 7 Johns. 477, 479 ; *Columbian Manfacturing Co.* v. *Vanderpoel*, 4 Cow. 556; *Livingston* v. *Harris*, 11 Wend. 329; *Dexter & Limerick Plank Road Co.* v. *Allen*, 16 Barb. 15 ; *Davis* v. *Fairbanks*, 3 How. U. S. Rep. 636). A comparison of the acts mentioned will show that the act incorporating the defendants contains provisions inconsistent with the other, a general act, and that the legislature have in it expressed a particular intention incompatible with the general intention, which even if the intentions were contained in the same act would create an exception (Sedgwick on Statutory Law, 423). By the fifth section of the general act no bank is permitted to receive from any individual depositor a larger sum than $1000, nor a larger amount than three millions of dollars in the aggregate amount of deposits exclusive of its banking house ; and the rate of interest on all deposits of five hundred dollars and under shall be one per cent. per annum greater than shall be allowed on any sum exceeding $500. By the sixth section of the act incorporating the defendants, their general business is declared to be, to receive on deposit such sums of money as may be from time to time offered, and to invest the same in the manner prescribed, for the use, interest and advantage of the depositors and their legal representatives, and it is also provided that the defendants shall receive on deposit all sums of money which may be offered, for the purpose of being invested as aforesaid, but not to exceed the sum of $5000, from any one individual. It is also provided that no officer or servant of the defendants, shall directly or indirectly borrow, or in any manner use its funds, or deposits, except to pay current expenses. It is also provided that it shall be the duty of the trustees of the defendants to regulate the interest to be allowed to the depositors, so that they shall receive as nearly as may be a ratable proportion of all the profits of the corporation, after deducting expenses. By the fourteenth section, the corporation created, it

is declared, shall be subject to the provisions of the eighteenth chapter, of the first part of the revised statutes as far as the same may be applicable. The act of incorporation will be found on examination to contain provisions bearing upon the duties of the trustees; the prohibition of their receiving any pay or emolument, for their services; the manner of filling vacancies in their number caused by death, resignation or otherwise; the manner of investing funds, and making loans upon real estate, and among others, the provision that whenever it shall appear that there is an excess of $25,000, in possession of the corporation, after the payment of the usual interest to the depositors, that sum shall be invested for the security of the depositors in said corporation, and thereafter at each annual examination of the affairs of said corporation any surplus over and above said sum, shall, in addition to the usual interest, be divided ratably amongst the depositors, in such manner as the board of managers shall direct. These provisions show that the defendants are a *quasi* benevolent institution, the earnings of which are to be distributed to the depositors, for whose benefit every thing gained seems to be disposed. The trustees are not to receive any compensation; no officer can borrow or use its funds; and when there is surplus of $25,000, above the interest paid, it is to be invested for the security of the depositors, and all subsequent excess over that sum is, besides the usual interest, to be divided ratably amongst the depositors. There is no limit either to the amount of deposits that may be received, in which respect it differs from the provisions of the general act limiting the amount to $3,000,000. Enough has been stated to prove that there are important and essential differences between the acts mentioned, which are incompatible with each other, and which demonstrate the intention of the law-makers to create a bank, which should be governed by the laws declared in the act of incorporation. That intention is, however, further established by the fact that the fourteenth section of that act declares the provisions of the statutes to which the defendants should be subject, and of which the act of 1853 is not one. The general design and mode of government being thus considered, it is apparent on general principles that the defend-

ants are not subject to the payment of any interest beyond that which they have by regulation prescribed, and that the one per centum. additional interest granted to depositors of $500 and under in savings banks, referred to in the act of 1853, cannot be recovered of the defendants. Independently of this, however, it can be shown that the legislature, by the act incorporating the defendants, have provided by independent legislation for the interest to be paid to the depositors in the defendants' institution, and for additional compensation to such depositors. Under the act of 1853 no discretion is vested in the bank as to the interest on deposits of $500 and under. The law declares that as to such sums it shall be one per cent. per annum greater than allowed on any sum exceeding $500. The depositors of such sums, however, are not entitled to any thing more than the interest mentioned and one per cent. additional. The object of that provision seems to be to induce small deposits, and to encourage accumulations in that way, which would result in pecuniary advantage to the banks. The defendants are required, however, to regulate the rate of interest to be allowed to the depositors, so that they shall receive, as nearly as may be, a ratable proportion of all the profits of the corporation, after deducting all necessary expenses. The interest is to be allowed to *all* the depositors without distinction, in a ratable proportion to the profits. It is based on profits of which the depositors are to receive in interest, as nearly as may be, a ratable proportion. The proportion is not declared by statute in rates. That is left to the trustees to regulate, and they have not declared that the depositors of sums of $500 and under shall receive one per cent. more than depositors of a greater sum than that named. It is alleged in the complaint, it is true, that five per cent. interest was allowed by the defendants on sums of more than $500, and it may be that the rate of interest mentioned is regulated, as required by statute, so that the depositors shall receive, as nearly as may be, a ratable proportion of the profits. It is not important, so far as the decision of this appeal is concerned, whether that be so or not. It is enough that the rate of interest is to be regulated by the trustees, to dispose of any claim to the interest given by the statute of 1853 to banks

referred to in it, and not excepted by law. We find, further, when the defendants have an excess of $25,000 in possession, after the payment of the usual interest to the depositors, that sum shall be invested for their security, and thereafter, at each annual examination of the affairs of the defendants, any surplus over and above that sum shall, in addition to the usual interest, be divided ratably among the depositors, in such manner as the board of managers shall direct. This provision gives the increase of interest to depositors by a distribution of surplus, or a profit on their deposits in addition to interest, and is the only additional gain to which they are entitled. To hold that any class of depositors should have, under the peculiar organization of the defendants' corporation, any advantage other than that arising from superior credits or deposits, would be in violation of the plain intent of the legislature. The only benefit to be derived from deposits in the defendants' bank is that secured by regulations which its trustees may establish, and the distribution of the surplus that may exist, in accordance with the law of their incorporation. The decision of the justice, for these reasons, was correct, and the judgment should be affirmed.

Judgment affirmed.