THE STATE, THE NORTH HUDSON COUNTY RAILROAD COMPANY, PROSECUTORS, v. EDWARD KELLY, COLLECTOR OF TAXES OF WEST HOBOKEN.

1. The special act passed April 11th, 1867, to enable the school trustees of West Hoboken school district to purchase land, and to erect a school-house thereon, prescribing the manner of paying for the same, and repealing all acts inconsistent therewith, supersedes the eightieth section of the general school law, and makes void all proceedings under it to levy a tax on said district to pay for said land and school-house.

2. These two laws relating to the same subject matter, and conferring similar powers to be exercised by the same persons, but differing in the mode of payment and assessment, are variant and inconsistent.

3. Both by the express terms of the later law and by necessary implication, the former law is repealed to the extent of the repugnancy.

4. The school trustees cannot proceed under both the special law and the general law, or abandon the former and resort to the latter, in building and paying for the school-house.

On *certiorari.* In matter of taxation for schools.

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For prosecutors, *W. T. Hoffman* and *J. F. Randolph.*

For defendant, *F. B. Ogden.*

SCUDDER, J. The object of this *certiorari* is to test the legality of a district school tax in the township of West Hoboken, assessed upon the prosecutors under the eightieth section of the general school law of March 21st, 1867.

It appears by the case stated that a special act was passed by the legislature April 12th, 1867, to enable the trustees to purchase land and erect a school-house thereon, and to pay for the same by selling the old school-house and applying the proceeds towards such payment; and further, by borrowing a sum of money not exceeding $20,000 for the balance. This loan was to be secured by corporation bonds,

at seven per cent. interest, payable half-yearly; and one-seventh of the principal was to be paid by annual assessment at the time and in the manner other taxes were assessed and collected, until the total amount was paid. Authority was given in the act to the school trustees to sell these bonds to the highest bidder. The trustees proceeded under the special law. On the 21st of October, 1867, they entered into written contracts for building the school-house, amounting to $25,800, being $5,800 beyond the amount limited by the special act above named. They also issued bonds to the amount of $15,000, and sold and disposed of them for $13,-292.50.

Finding that the bonds would sell at a discount, and that it would be impossible to pay for the school building and furniture in this way, they abandoned the special law and proceeded under the eightieth section of the general law. Two of the trustees called the annual meeting of the school district on the 14th of April, 1868, the Tuesday following the town meeting, and two-thirds of the inhabitants present voted to raise the sum of $15,000, by taxation, for the payment of the balance of the estimated cost of the school building and furniture.

The amount assessed against the prosecutors under this proceeding is $1,258, being their proportion of the said $15,000. Besides this, they are assessed $225 for their share of tax for payment of the aforesaid school bonds issued under the special law of 1867.

The question presented, therefore, is, can the trustees proceed under both the special law and the general law, in building and paying for this school-house? The special law is the later, and we must consider the application of the maxim, " *Leges posteriores, priores contrarias abrogant.*"

The last section of this law enacts " that the act passed March 29th, 1865, entitled ' An act to enable the trustees of West Hoboken school district, Hudson county, to borrow money, and for other school purposes pertaining to said district;' *and also, all acts or parts of acts inconsistent with*

*this act are hereby repealed ;* and this act shall be a public act, and take effect immediately."

Is the eightieth section of the general school law inconsistent with the special provisions of this later statute? If so, all proceedings under it are void by the express terms of the above repealing section. Although this is a question of the construction of an express clause of repeal, yet I think we may apply the rule given in case of repeal by necessary implication in *Wood* v. *United States,* 16 *Peters* 363. The court there say, " it is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by them, for they may be merely affirmative or cumulative or auxiliary. But there must be a positive repugnancy between the provisions of the new law and those of the old, and even then the old law is repealed by implication, only *pro tanto* to the extent of the repugnancy."

Is there such repugnancy or inconsistency between these acts; or is the later affirmative, cumulative, or auxiliary?

The eightieth section of the school law enacts that the inhabitants, when met, shall have power, by the consent of two-thirds of those present, to authorize the trustees of said district to purchase land for school purposes, to build, enlarge, or repair a school-house or school-houses, and to borrow money therefor, or to sell or mortgage a school-house, and to raise by taxation for these purposes, or to pay a debt of the district incurred for such purposes, and for the current expense of the school or schools, such sum of money as two-thirds of the inhabitants so assessed shall agree to.

The special act, which has been already sufficiently stated, relates to the same subject, confers similar powers to be exercised by the trustees for the same purpose, limits the sum to $20,000, provides for the issuing of bonds and the assessment of taxes for their payment. It is complete in itself— not affirmative, cumulative, or auxiliary. It was clearly intended to prescribe the only rule that should govern in the case provided for, and is therefore, *pro tanto*, a repeal of the former law. *Dexter* v. *Allen*, 16 *Barb.* 15 ; *Bowen* v. *Lease,*

State, North Hudson Co. R. R. Co., pros., v. Kelley, Collector.

5 *Hill* 221 *and note; Davies* v. *Fairbairn,* 3 *How.* 636 ; *State* v. *Newark,* 4 *Dutcher* 491.

The special object of the act appears to be to authorize the township to borrow money and issue bonds for the same, instead of raising a gross sum by immediate taxation, or securing the amount by mortgage on the school-house, as provided by the general law, and the two methods are variant and inconsistent.

The principle of law that must control this case was distinctly recognized in *State* v. *Clarke,* 1 *Dutcher* 54. It was there held, that if the charter of a city confers on the municipal government the right to lay out streets and highways within its chartered limits, in a manner different from the mode prescribed by the general law of the state, this power is exclusive, and it repeals or suspends the state law within the limits of the city. And where a general law and a law which applies only to a limited district, as a city come in conflict, the general law yields to the special. This is a well-settled rule of construction. *Noy's Maxims* 19.

Therefore, both by the express terms of the repealing clause and by necessary implication, the general law was suspended by this special law.

The proceedings under the eightieth section of the general law were illegal and void, and the assessment of taxes against the prosecutors must be reduced by striking out the sum of $1,258 assessed under said section, and reversed as to said excess. The residue of said assessment, after such deductions and amendment, is affirmed.

BEDLE and WOODHULL, Justices, concurred.

The several other *certioraris* bringing up the same question abide the event of this, by consent of the parties.