CHARLES HECKMANN, Respondent, *against* JOHN M. PINKNEY, Appellant.

(Decided March 3d, 1879.)

The Mechanics' Lien Act for the city of New York of 1875 (L. 1875, c. 379, passed May 17th, 1875), was intended to provide a complete remedy for the enforcement of mechanics' liens and to supersede the pre-existing statutory provisions upon that subject, and it repealed by implication all such provisions, so far as they were not in accordance with or were covered by its provisions on the subject.

The provisions, therefore, in the act of 1863 (L. 1863, c. 500, § 11), providing that the lien shall cease after one year, unless by order of the court it is continued and a new docket made stating the fact, was superseded by the provisions of section 8 of the act of 1875, that the lien shall cease in ninety days unless an action is commenced within that time to enforce it, and a notice is filed with the county clerk of a pendency of the action; and it is not necessary, therefore, that the provision of section 11 of the act of 1863 should be complied with in order to continue the lien.

APPEAL from a judgment for foreclosure of a mechanic's lien, entered on the report of a referee.

The facts appear in the opinion.

*James Emott*, for appellant.

*C. K. Corliss*, for respondent.

LARREMORE, J.—It is conceded that the plaintiff's lien

—————
* Affirmed by the Court of Appeals.

of September 2d, 1876, was not renewed by an order of the court within the time prescribed by § 11 of the act of 1863. The first and most important question, therefore, is the consideration of the effect of the act of May 17th, 1875, as a repealing statute. It is entitled, " an act to define and limit the liens of contractors and others upon real estate in the city and county of New York, and to provide for enforcement thereof." Though not in express terms repealing any former acts, it saves and reserves all rights accruing under them prior to July 1st, 1875. From that date, it would appear to have been the intention of the Legislature that the act of May 17th, 1875, should and would afford a complete remedy for the rights of lienors within the city and county of New York. It was held by this court at special term (ROBINSON, J., *Diossy* v. *Martin*, Daily Reg., March 16th, 1876; *Burbridge* v. *Marcy*, Id., March 5th, 1878), that by the ordinary rules of construction the act of 1875, "which engrossed the whole subject of mechanics and material men's liens previously the subject of prior statutes (except as therein reserved)," superseded all previous legislation on the subject. A noticeable feature of the new act (§§ 1 and 2) is that the validity of the lien is made to depend upon the extent of the owner's liability for payment at the time of the filing of the lien, without regard to the fact of an amount then actually due the contractor by the owner. Thus the lien attaches when the liability exists, subject to the contingencies provided for between the owner and contractor. By § 5 of the act of 1875 sub-contractors must file their claims within thirty days after the same have accrued. If no amount was then due, but subsequently became due to the contractor, is it a fair inference that the Legislature intended to invalidate all such claim? The renewal of the lien required by section 11 of the act of 1863 was for the purpose of giving constructive notice of the continuance of the lien. This object is effected under § 8 of the act of 1875, by the commencement of an action to foreclose the lien, filing notice of *lis pendens* and an entry on the lien docket within the time prescribed. We assent to the general

proposition, that a repeal of statutes by implication is not favored. (*Mitchell* v. *Halsey*, 15 Wend. 241 ; *Bowen* v. *Lease*, 5 Hill, 221 ; *People* v. *Deming*, 1 Hilt. 271 ; *Cohoes* v. *Moran*, 25 How. Pr. 385.) That where both statutes can stand there is no repeal (*People* v. *Palmer*, 52 N. Y. 83), the subsequent. statute only operating as a repeal to the extent that the two are repugnant. (*Mongeon* v. *People*, 55 N. Y. 613 ; *Werner* v. *German Savings Bank*, 2 Daly, 406.) But although the subsequent statute be not repugnant in all its provisions to the prior one, yet where it is manifest that the recent act was clearly intended to prescribe the only rule in cases for which it provides, it repeals the earlier act. (*Dexter & Limerick Plank Road Co.* v. *Allen*, 16 Barb. 15 ; Potter's & Warn's on Statutes, pp. 113, 154–6 ; Vattel's Maxims, No. 40.) We think this principle applicable to the act of May 17th, 1875 (L. 1875, c. 379). A careful examination of its twenty-two sections discloses the fact that it affords a complete remedy for the very class of cases embraced within the act of 1863 (L. 1863, c. 500). It enters more into details than the older act and contains provisions to meet the various exigencies that may arise in the enforcement. Whatever doubt heretofore existed as to the form of pleading and judgment is specifically provided for in the recent act. As it provides a remedy for the same cases and in a more detailed and extensive manner than the act of 1863, the inference is fair that it was the intention of the Legislature to repeal the statute last mentioned. The act of 1875 says to the plaintiff, " fulfil my requirements and your lien shall be con tinued." He does so, follows the latest authority, and is met by an exaction of a former statute, which the one he followed utterly ignored. A consistent construction of the act in question requires that it should be held to be a repealing statute.

The exception as to the exclusion of the unsigned contract did not prejudice the defendant. He was allowed to show what the contract was, and offered testimony to prove that it was not performed. The referee found in defendant's favor ; that the work was to be completed

Heckmann v. Pinkney.

within two months, and that time was of the essence of the contract; but he also found that defendant waived and extended the time of performance and that there was a substantial compliance with the contract in which the defendant acquiesced; that the defendant made voluntary payments to the contractor after the time limited for the completion of the work had expired; that defendant induced plaintiff to continue work on the premises, assuring him of his (defendant's) responsibility and his disposition to secure plaintiff's claim.

It is true that the testimony upon this branch of the case was somewhat conflicting, but we cannot usurp the province of the referee upon disputed questions of fact. The defendant had no claim for damages if he waived the date of the performance of the contract. The referee found that at the time of the commencement of this action a balance was owing from the defendant to the contractor of $1000 on account of the contract. The referee believed the testimony of the plaintiff in reaching this conclusion, and no such gross error or mistake appears to have been committed as to justify interference on appeal.

The exceptions should be overruled, and judgment of affirmance ordered.

CHARLES P. DALY, Chief Justice, concurring.—I think that the design of the act of 1875 was to provide a complete remedy for the enforcement of mechanics' liens and to supersede the pre-existing statutory provision upon that subject. It is entitled an act to *define* and *limit* the liens of contractors and others, and as it is more extensive and complete in its details than all the pre-existing acts put together, it appears to me that the design and the effect of it is to substitute for the previous legislation one general system. As it does not, however, in terms repeal any of the existing acts, their provisions would necessarily continue in force, under a familiar rule in the construction of statutes, except where their provisions are repugnant, or where it is evident that they were intended to be abrogated by new and different provision.

The act of 1863 (§ 11) provided that the lien should cease after one year unless by order of court it was continued and a *new docket* made stating the fact.   The act of 1875 provides (§ 8) that it shall cease in ninety days unless an action is commenced within that time to enforce it, and a notice is filed with the county clerk of the pendency of the action. This is a much more stringent and effectual provision, and was, I think, evidently intended as a substitute for the former one.   It provides for the bringing of an action and the termination of the lien in a much shorter time, unless a notice is filed of the pendency of such an action.   There is no occasion for a new docket; for the filing of the *lis pendens*, which the county clerk, by the same section, is required to enter on the lien docket, is notice to all who may be affected by the lien, and a much more effectual notice than stating upon the docket before the expiration of a year that the lien is continued by order of the court.   Within ninety days from the filing of the lien all are notified who consult the docket that an action is pending for the enforcement of the lien, and can ascertain upon due inquiry whether judgment has been rendered for the enforcement of it or against the claimant, or whether by order of the court the action has been discontinued.   The act makes no provision for what is to be done where judgment is rendered in the action, either of discontinuance or for or against the claimant.   It seems to assume that the filing and docketing of notice of the pendency of the action furnishes the necessary means of inquiry, and therefore provides only for the discharge of the lien in the cases specified in section 18.

VAN BRUNT, J., also concurred.*

---

* Affirmed by the Court of Appeals.