Richmond.

FREEMAN V. EACHO & ALS.

April 17, 1884.

1. EQUITABLE JURISDICTION AND RELIEF—*Powers—Married Women.*—A defective execution of a power by a married woman will be aided by a court of equity, where the defect is not in substance but in form, and through inadvertence or mistake, in favor of one applying for relief upon a meritorious or upon a valuable consideration—the case being unlike an application to reform a married woman's conveyance, or her acknowledgment thereof, where the statute must be conformed to strictly.

2. IDEM—*Idem—Idem—Case at Bar.*—Property was, in 1870, settled upon Mrs. E. for her separate use, with power by a writing under her hand and seal, attested by two witnesses, to direct her trustee to sell or encumber it. Later, by writing with a scroll annexed, but not recognized as a seal in the body of the instrument, she directed her trustee to, and he did execute a trust deed to secure two notes held by H., a purchaser thereof for value.

HELD:

It is a case of defective execution of a power which a court of equity will remedy.

Appeal from decree of the chancery court of the city of Richmond. By deed dated June 4th, 1870, a house and lot in the said city was settled on Mrs. Eacho for her separate use free from all liabilities of her husband. Power was given her by the settlement to direct her trustee to sell or encumber it. But the direction was required to be by a writing executed by her under her hand and seal, and attested by two witnesses. Her husband made and endorsed two notes, which were held by Haxall, and which she desired and intended to secure, and

therefore she directed her trustee to execute a trust deed on the property for that purpose, but by inadvertence the direction was by a writing not under seal, the scroll attached thereto not being recognized as a seal in the body of the writing. Nevertheless, the trustee duly executed and had recorded the trust deed. Subsequently in the mode prescribed in the settlement, she directed the trustee to execute a second deed of trust to secure a note of her husband, which was held by Freeman, by whom it was claimed that the first deed of trust having been executed under a direction not made by her in accordance with the power conferred on her by the settlement was void. At the hearing of the cause, the chancery court decreed that the defective execution of the power by Mrs. Eacho was remediable, and that the trust deed executed thereunder was valid. From this decree Freeman obtained an appeal to this court.

*L. & C. Sands,* for the appellant.

*John O. Steger* and *A. A. Smith,* for the appellees.

LEWIS, P., delivered the opinion of the court:

Two questions are presented for determination on this appeal. First. Whether a defective execution of a power by a married woman will be aided by a court of equity; and if so, then, second, whether this is a proper case for such belief.

It is laid down as a general rule, in respect to the execution of powers, that the forms required by the instrument creating the power must be strictly pursued; for the person who creates the power has the undoubted right to create what checks he pleases to impose, to guard against a tendency to abuse. 4 Kent's Comm., marg. p. 330; 2 Minor's Insts. 741; 2 Lom. Dig. 163. Where, however, the execution of the power is defective, not in substance but in form, and the defect is occasioned by inadver-

tence or mistake, a court of equity will relieve when the case stands upon a meritorious consideration, in favor of a wife or a legitimate child, or when it stands upon a valuable consideration, in favor of creditors and purchasers. Thus, if the power is required to be executed in the presence of three witnesses, and it is executed in the presence of two only, or if the instrument by which it is executed is required to be signed and sealed, and it is without seal, relief will be granted provided the intention of the donee to execute the power manifestly appears. *Morris' Ex'or* v. *Morris, et als.*, 33 Gratt. 79.

In the present case, by the deed of June 4, 1870, the trust property, a house and lot in this city, was settled upon Mrs. Eacho, as her separate estate, free from the liabilities of her husband, with power, by a writing under her hand and seal, attested by two witnesses, to direct the trustee to sell or encumber it. But in neither case was the writing under seal by which she directed the trustee to execute the two trust deeds by which the notes were secured which are held by the appellee, Haxall. In each case a scroll was annexed to the signature, but was not recognized as a seal in the body of the instrument, and cannot, therefore, have the effect of a seal. *Clegg* v. *Lemessurier*, 15 Gratt. 108. It is manifest, however, from all the surrounding circumstances, that she intended to execute the power, and that the omission to recognize the scroll in the body of the instrument was the result of mere inadvertence or mistake. The question then, is, will the defect be aided as against the donee, who is a married woman?

It is well settled that in respect to her separate personal estate and the rents and profits of her separate real estate, a married woman is regarded in equity as a *feme sole*, with power to dispose of it, as an incident to such estate, except so far as she may be restrained by the instrument creating the estate. It is not so, however, in respect to the *corpus* of her separate real estate. That, of course, she can dispose of in the mode prescribed by

the instrument creating the estate; but whether she is confined to the mode thus prescribed is a question not necessary to be decided in the present case. *McChesney* v. *Brown,* 25 Gratt. 393; *Justis* v. *English,* 30 Id. 565; ; *Frank & Adler* v. *Lilienfield,* 33 Id. 377, 395; *Bain & Bro.* v. *Buff's Adm'r,* 76 Va. 371.

But to the extent that she is empowered to act, the disability of coverture is taken away. We do not mean to say that this is so without qualification, or that her agreement to do what she is empowered to do in respect to the estate would be specifically enforced by a court of equity, for no such question arises in the present case. Here it is not sought to enforce an agreement entered into by the donee of the power, and which she refuses to perform, but to give the intended effect to an act done by her in the attempted execution of the power, and which, by an oversight or mistake, is defective in form.

Being competent, then, to execute the power, and having thus defectively done so, the fact of coverture would seem to afford no just ground for the refusal of its aid by a court of equity to supply the defect. We are not aware that the question has ever been expressly decided by this court, but it is well settled in England, notwithstanding what was extra-judicially said by the Master of the Rolls in *Martin* v. *Mitchell,* 2 Jac. & W. 424, that the defective execution of a power by a married woman will be aided in just the same manner as if she were *sui juris,* and that to the extent of her power, she is regarded in equity as *sui juris.* *Pollard* v. *Grenvil,* Chancery Cases, 10; *Doe* v. *Weller,* 7 T. R. 480; *Stead* v. *Nelson,* 2 Beav. 245; *Tollet* v. *Tollet,* 1 Lead. Cases in Eq. 232; 2 Sugden on Powers, marg. p. 96.

And the same doctrine is laid down by Judge Lomax, who says, that though appearing at one time to have been doubted, it is now settled that a defective appointment by a married woman will be aided. 2 Lom. Dig., marg. p. 179. It would seem strongly inconsistent to hold that to the extent she is em-

powered to act, she is *sui juris*, and to deny to her acts within
her competency the effect which, under like circumstances, would
be given to those of a person not laboring under disability

The case is, therefore, unlike an application to reform a mar-
ried woman's conveyance under a statute relating to alienations
by married women. And the distinction is obvious. At common
law a *feme covert* had no power to convey her lands, except by fine
and recovery. This disability, however, is, to a certain extent,
removed by statute in this and doubtless in most, if not all, the
states of the union, whereby she is enabled, by uniting with
her husband and by privy examination, to make a conveyance
of her property. But these statutes being in derogation of the
common law, are strictly construed, and must be closely followed
to give validity to the conveyance. The courts, therefore, very
properly refuse to reform such a conveyance as against the wife;
for to do so would be in effect to make a conveyance not author-
ized by the statute. And the same rule applies to a defective
acknowledgment of a married woman, which is an essential part
of the execution of the deed.

It is well settled that relief against a defective execution of
a power will be granted only in favor of one who has a
superior equity to the party against whom relief is sought;
and the appellant insists that the instruments directing the
execution of the trust deeds under which Haxall claims being
defective, the recordation of those deeds was a nullity, and
that therefore they ought not to be preferred to the trust deed
in his favor, although the latter was subsequently recorded.
In the present case Haxall purchased the secured notes for
value, and is a *bona fide* purchaser under section 5, chapter
114, Code 1873. *Davis* v. *Brazley*, 75 Va. 491; *Shurtz* v. *John-
son*, 28 Gratt. 667; *Exchange Bank of Virginia* v. *Knox*, 19
Id. 747.

The notes were executed and endorsed by the husband of
the *cestui que trust;* but it does not appear, nor is it material,

for whose benefit they were made and negotiated. For the wife having the power to direct the trust property to be sold or encumbered, it was competent for her to direct it to be encumbered for the benefit of her husband, or for whomsoever she pleased, and with the same effect as for her own benefit. *Muller* v. *Bayley*, 21 Gratt. 521. The deeds are regular on their face, and were duly recorded. It is true the instruments directing the trustee to execute them are defective; but the defects being such as ought in equity to be supplied in favor of a purchaser, the deeds were properly treated as valid by the chancery court.

DECREE AFFIRMED.