PROVIDENCE COUNTY.

EDWARD CANNON *et al. vs.* JAMES BEATTY *et als.*

Gen. Stat. R. I. cap. 152, § 7, of 1872, which empowered husband and wife to convey the wife's real estate by their joint deed or by separate deeds, was repealed by Pub. Laws R. I. cap. 324, of May 29, 1873, authorizing a husband and wife to convey the wife's realty by their joint deed.

A deed purporting to convey the realty of three married women made when Pub. Laws R. I. cap. 324, of May 29, 1873, was in force, and which was signed, sealed and acknowledged by them and their husbands, but in which the husbands were not named as grantors in the premises is a nullity and cannot be validated by reformation in equity.

In cases where there has been a non-execution of statutory powers equity will not interfere.

BILL IN EQUITY for reformation of a deed. On demurrer. *June* 27, 1896. DOUGLAS, J. This case comes before us upon demurrer to the bill, which prays for the reformation of a deed dated July 14, 1879, executed by the three female de-

fendants, and signed and acknowledged by them and their respective husbands. Said deed, it is alleged, was understood and intended by all the persons who affixed their names and seals thereto to be the joint deed of them all, though by mistake of the scrivener the names of the husbands were not inserted as grantors. The prayer of the bill is that these names may now be inserted in the granting clause, and that the deed so reformed may be declared to be of the same effect to all intents and purposes as if the said names had been so inserted before the execution thereof.

A similar instrument was held to be a nullity in *Warner* v. *Peck*, 11 R. I. 431, but it is argued that equity may reform and validate it. If the grantors had all been *sui juris*, the deed sought to be reformed bears upon its face sufficient evidence of their intention to convey the land described in it to the grantee ; and the court might well say that the omission was an accident, or a mistake of the draughtsman in point of law to carry out the real agreement between the parties, and so compel them to do what they had intended and agreed, and for which they had received a valuable consideration. But the land was owned by married women, and at the date of the deed they could not have made a binding agreement to convey, the imperfect execution of which a court of equity might correct.

The statute enacted December 2, 1872, Gen. Stat. R. I. cap. 152, § 7, empowered a husband and wife to convey the real estate of the wife by joining in one deed or by making separate deeds. If this statute had been in effect in 1879, there would be some plausibility in the complainant's argument that the deed in question was of itself a full compliance with the law on the part of the wives, and the husbands, being *sui juris*, could be compelled to make the conveyance perfect by executing separate instruments complementary to that of the wives ; though it might well be held that so far as the husbands are concerned there has never been any execution of the power, and equity does not interfere in cases of non-execution but of defective execution ; and, further, that the title of the wife, where separate deeds were permit-

ted, did not pass until both were coöperative, but until the husband had executed his separate deed, (as, if one deed were employed, until the husband had jointly executed that one,) the inchoate action of the wife was inoperative and revocable. Where there is a defect of substance in the execution of the power, such as the want of coöperation of all the proper parties in the act, there equity will not aid the defect. 1 Story, Eq. Jur. § 175.

But this statute was in force only until May 29, 1873, when it was superseded by Pub. Laws, cap. 324, which reënacted the provisions of Pub. Laws, cap. 726, passed March, 1868. We cannot believe that the Legislature in 1873 reënacted the single mode in which married women's lands could be conveyed which subsisted before 1873, unless with intent to repeal the dual modes provided by the 1872 statute. Indeed, the passage of the latter statute can have had no other conceivable object. The mode of conveyance provided by the last statute was one of the modes already legal. The reenactment of it, omitting the other mode, had no effect at all unless it repealed that other. And so we are compelled to hold that it did repeal it. Dwarris on Statutes, 156 ; *Dash* v. *Van Kleck,* 7 Johns. 497 ; *Columbia Mfg. Co.* v. *Vanderpool,* 4 Cow. 556 ; *Livingston* v. *Harris,* 11 Wend. 329.

We have not been referred to any case, and we have found none, where the deed of a married woman of property subject to marital rights, which was defective in omitting compliance with a statutory condition, has been reformed in equity. In such a case, the power to convey at all is wholly statutory, and so, as is said by Judge Story, 1 Story, Eq. Jur. § 177, "equity must follow the law, be the consideration ever so meritorious." Kerr on Fraud and Mistake, 444 repeats the same language, and adds : "It may be stated as generally true that the remedial power of equity does not extend to the supply of any circumstances, for the want of which the legislature has declared the instrument void, for otherwise equity would defeat the very policy of legislative enactments." The same doctrine is stated in 2 Pomeroy, Eq. Jur. § 834 as follows : "The defective execution of statutory

powers in the failure to comply with the prescribed requisites, cannot be aided by equity." The courts have refused to reform such deeds in many cases. In *Martin* v. *Dwelly*, 6 Wend. 9, the question is fully discussed in the Court of Errors of New York. In *Carr* v. *Williams*, 10 Ohio, 305, the judge delivering the opinion says: "I believe no case can be found where a mistake in a deed of a married woman has been rectified against her." *Grapengether* v. *Tejervary*, 9 Iowa, 163 ; *Dickenson* v. *Glenney*, 27 Conn. 104, and *Gibb* v. *Rose*, 40 Md. 394, are to the same effect.

The distinction between such deeds as require concurrent action of husband and wife, and powers which may be exercised by the wife alone in regard to which she is treated in equity as a *feme sole*, is fully discussed in *Freeman* v. *Eacho*, 79 Va. 43.

Our conclusion is that the demurrer must be sustained, and the bill dismissed.

*William W. Blodgett*, for complainant.

*John E. Goldsworthy*, for respondents.