The Qourt of Appeals unanimously concurred in the dissenting opinion of Hilbert, J., below stated, and on that opinion reversed the judgment. The opinion was as follows:
Gilbert, J.
I think the demurrer was improperly overruled.
Section 5 of the act of 1874, whereby the provisions of the act of April 16, 1857, that do not conflict therewith, are made a part of the former act, admits of no other construction, than that the provisions of that act as amended were adopted, and not those provisions as they stood before the amendment was made. Such was clearly the intention of the legislature.
By section 22 of the original act of 1857, the power to sue for penalties provided for by sections 8, 15 and 19 thereof, was conferred upon the commissioners of excise. By chapter 820 of the Laws of 1873, this section was amended so as to read as follows: “The penalties imposed by this act, except those provided for by sections 15 and 19, shall be sued for and recovered in a civil action in the manner provided by law for the recovery of penalties by, and in the name *103 of the overseers of the poor of the town in which the alleged penalty was incurred, and the amount so recovered, when collected, together with all the costs of the proceedings for such recovery and collection, shall, within thirty days after such collection, be paid by the officer or party receiving the same, to the county treasurer of the county, for the support of the poor of said county, except as is otherwise provided by law.
The effect of this was to substitute the amendment for the original section, and thenceforward it formed a part of the original act, with the same effect; as if it had been inserted in it before its passage. After a statute has been amended, it has no force or effect except in conformity with the amendment. The act of 1874 adopted the provisions of the act of 1857. When the act of 1874 was passed, what were the provisions of the act of 1857 % Such as were originally enacted, or such as existed after the amendment % Evidently the latter. For, the intention of adopting a law not in force, cannot reasonably be imputed to the legislature. The provisions adopted must be read as if the amendment had been incorporated into them, in other words, as one act (Queen v. St. Giles, 3 E. & G. 224; Holbrock v. Nichol, 36 Ill. 161; Dexter, &c. Plank R. Co. v. Allen, 16 Barb. 15 ; Moore v. Mansert, 5 Lans. 173 ; Ely v. Holton, 15 N. Y. 595).
On this ground, without considering the other grounds of demurrer, the order appealed from should be reversed, with leave to plaintiff to amend in twenty days on payment of costs.
Judgment reversed, and judgment ordered for the defendant.*

 In the case of the Town of Lewis v. Marshall (New York Court of Appeals, May, 1874), it was held that an action on behalf of a town, for money had and received to its use, cannot be maintained in the name of the town, but must be brought in the name of the supervisor.
*104 Appeal from a judgment of the general term of the supreme court, in the third judicial department, reversing a judgment in favor of the plaintiff, entered upon the report of a referee, and granting a new trial.
The Town of Lewis sued William E. Marshall for money had and received.
The answer, besides alleging payment, alleged that plaintiff was not a proper party, and had not legal capacity to sue, and also that the complaint did not state facts sufficient to constitute a cause of action.
The evidence showed and the referee found, that at various town meetings, it was resolved that the town should pay a certain sum as a bounty to those who would volunteer and enter the army or navy. The defendant was appointed a committee to raise volunteers, and the Board of Supervisors given authority to raise the money. A number of citizens of the town signed a subscription paper, by the.terms of which they were to pay for the volunteers who should enlist for the town. This money was collected and paid over to the defendant, as the agent of the town. The town resolved to refund to these subscribers the amounts they had paid, and directed the supervisors to pay their claims, and this was subsequently done. The defendant paid over part of the money to the town clerk, who distributed it to the volunteers, and he claimed to have so paid it all; but the referee found that there was a balance of $150 which he had not paid, and therefore reported in favor of the plaintiff. From the judgment entered upon this report the defendant appealed to the court at general term, where the following opinion was rendered:
Miller, P. J.—Several questions are raised as to the plaintiff’s right to recover in this action, and numerous exceptions were taken upon the trial. As there is one ground which is fatal to the plaintiff’s judgment, we shall confine the discussion to that alone, without examining any other.
We think that the action was improperly brought in the name of the Town of Lewis, and if it can be maintained at all, it must be so maintained in the name of the supervisor of the town, who alone is authorized to sue in such a case. This principle was expressly adjudged by this court in the case of Hathaway, Supervisor of Salon v. Town of Homer,* 5 Lans. 267. It was there held that money belonging to the town of Salon, erroneously paid to the supervisor of Homer, might be recovered in an action by the supervisor of the former town for its benefit. It was said that an action could be maintained, in the name of the supervisor, to enforce any liability to the body which he represented—which, *105 in that case, was the town—and that the provisions of the Revised Statutes, which authorized legal proceedings in favor of, or against a town, were not in conflict with this action. “The town shall sue or be sued by its name, except where town officers are authorized by law to sue in their name of office for the benefit of the town ” (1 R. S. 357, § 2). And, as the supervisor is authorized to sue in the case at bar, as he was in the case cited, the town comes within the exception, and cannot maintain the action, in its own name, or otherwise than in the name of the supervisor. The same doctrine is applied in Griggs v. Griggs, which was decided at this term, and to hold otherwise, would be in an entire disregard of the adjudications of this court. The provisions in 1 R. S. 337, §§ 1, 2, and 3, do not take away the right of the supervisor to sue where it is expressly conferred, and are applicable to other cases besides those in which an action may be brought in the name of the supervisor.
*104 * Reversed on another point in 54 N. Y. 655.
*105 There is nothing in the statutes of 1864, chapter 8, and chapter 73, which reaches, or in any way affects the question now considered, nor do any of the authorities, cited by the plaintiff’s counsel, conflict with the views already expressed. The cases cited are decisive, and the question must be regarded as res adjudicata. As it is apparent that the court erred upon the trial in denying the motion for a non-suit, the judgment must be reversed, and a new trial granted, with costs to abide the event.
From this decision the plaintiff appealed to the court of appeals.
Francis A. Smith, for plaintiff, appellant.—The town has capacity to sue (1 R. S. p. 337, §§ 1, 2, 3; 1 R. S. p. 340, § 5, subd. 4; 1 R. S. pp. 356, 357, §§ 1, 2). Even if the statute giving supervisors a right to sue (2 R. S. p. 473, §§ 92, 93) should apply the remedy it provides is cumulative, it provides that they may sue, not that they shall sue (Town of Duanesburgh v. Jenkins, 40 Barb. 574; S. C., 46 Id. 310; Cornell v. Town of Guilford, 1 Den. 514; Todd v. Birdsall, 1 Cow. 263, note; Crittenden v. Wilson, 5 Id. 165; Wetmore v. Tracy, 14 Wend. 254; President, &c. v. People, 15 Id. 267; Candee v. Hayward, 37 N. Y. 653). This action being brought by the town to enforce its corporate rights, the provision authorizing supervisors to sue is inapplicable (Lorrillard v. Monroe, 11 N. Y. 393; Palmer v. Fort Plain, &c. Co., Id. 390; Town of Guilford, &c., 13 Id. 143; Gailor v. Herrick, 42 Barb. 79; Town of Galen v. Clyde, 27 Id. 543; Fishkill v. Fishkill, 22 Id. 634; Town of Gallatin v. Loucks, 21 Id. 578; Onderdonk v. City of Brooklyn, 31 Id. 505; Swift v. Poughkeepsie, 37 N. Y. 511; Rheel v. Hicks, 25 Id. 511). The act of 1864, chapter 8, section 33, is alone sufficient to give the town a right to sue *106 (See also L. 1864, c. 72, § 3). These acts are prospective (People v. Supervisors, 43 N. Y. 130; Sanford v. Bennett, 24 N. Y. 23; People v. Carnal, 2 Seld. 463; Bailey v. Mayor, 7 Hill, 146). The objection chat plaintiff has no capacity to sue can only be taken by demurrer (Code, §§144, 145, 147, 148; Zabriskie v. Smith, 13 N. Y. 336; Baggott v. Boulger, 2 Duer, 169; Hosley v. Black, 28 N. Y. 438; Merritt v. Walsh, 32 Id. 690; De Puy v. Strong, 37 Id. 374; Patchin v. Peck, 38 Id. 39; Palmer v. Davis, 28 N. Y. 242; Hobart v. Frost, 5 Duer, 672).
A. C. Sand, for defendant, respondent.—The suit cannot be sustained in the name of the town (1 R. S. 337, §§ 1, 2, 3, Id. 600, §4; 2 Id. 473, §§ 92, 3, 474, § 102, 475, § 103; Lorrillard v. Town of Monroe, 11 N. Y 392; S. C., 12 Barb. 161; Town of Guilford v. Supervisors Chenango Co., 13 N. Y. 143; Gailor v. Herrick, 42 Barb. 79; Gallatin v. Lowks, 21 Id. 578; Town of Galen v. Clyde, &c. Co., 27 Id. 543; Rheel v. Hicks, 25 N. Y. 289; Swift v. City of Poughkeepsie, 37 Id. 511; Town of Fishkill v. Fishkill, &c. Co., 22 Barb. 634; Onderdonk v. City of Brooklyn, 31 Id. 505; Hathaway v. Town of Homer, 5 Lans. 267). Plaintiff never had any right to the money. The payment by the town to the subscribers was a gift, there was no novation (Add. Cont. 1004; Domat [Cushing Ed.] Nos. 2304, 2306; Inst. lib. 3, tit. 30, De Novatione; Poth. Ob. No. 546, 549). Even an express promise by the defendant to pay the money would have been without consideration (Ingraham v. Gilbert, 20 Barb. 151; Bartholomew v. Jackson, 20 Johns. 28; Eastwood v. Kenyon, 11 Ad. & Ell. 438). The Legislature could not transfer the claims of the volunteer subscribers to the plaintiff (Englishbe v. Helmuth, 3 N. Y. 294; Jackson v. Cory, 8 Johns. 385; Lee v. Porter, 5 Johns. Ch. 268; Jackson v. Cullin, 2 Johns. 248; Sedgw. Const. L. 681).
The Court affirmed the order on the opinion of Miller, J., in the court below. (See p. 110, of this vol.)
All the judges concurred.
Order affirmed, and judgment absolute against plaintiff.
In People ex rel. Ochs v. Commissioners of Excise of the City of Brooklyn, 10 Weekly Dig. 413, it was held that boards of excise have power to grant licenses for the sale of ale and beer to be drank on the premises, to others than keepers of inns, taverns, or hotels.
Construction of special and general acts of Legislature in reference to excise. Village of Deposit y. Devereux, 8 Hun, 317.
Construction and effect of registry law. People ex rel. Frost v. *107 Wilson, 62 N. Y. 186; reversing 3 Hun, 437; S. C., 5 Sup'm. Ct. (T. & C.) 636.
Action for penalties for selling liquors in Gloversville must be by village. Village of Gloversville v. Howell, 70 N. Y. 287; affi’g 7 Hun, 345.
See also Board of Excise of Yonkers v. Glennon, 21 Hun, 244 ; Kingston v.Osterhoudt, 23 Id. 66.