# N Y. SUPERIOR COURT.

EDWIN CLARK agt. PETER BOWE, sheriff, &c.

*Complaint — Demurrer — which, in a complaint, is to control, a recital of facts which tends inevitably to raise one presumption both of fact and of law, or a general allegation which is in conflict with such recital?*

In an action against a ministerial officer for executing a process valid upon its face, issued out of a court having jurisdiction of the action and of the parties, a general allegation that the process was unlawful and void can have no greater force than a previous recital of the facts, which shows that it was authorized and valid, and a demurrer to such pleading in a complaint must be sustained.

*Special Term, November,* 1880.

DEMURRER to the complaint on the ground that it does not state facts sufficient to constitute cause of action.

*Knox & McLean,* for defendant.

*Anthony R. Dyett,* for plaintiff.

RUSSELL, *J.* — The complaint, after stating that the defendant is the sheriff, alleges :

"*Second.* That on or about the 18th day of May, 1880, in an action in the supreme court of the state of New York, in which Francis C. Clark was plaintiff and this plaintiff was defendant, a commitment was issued out of the said court and delivered to the defendant, as such sheriff, commanding him to arrest this plaintiff and to commit and confine him in close custody in the county jail of the county of New York, until he shall fully pay the sum of $270, besides his fees, unless he should sooner be discharged by the court."

Then follows an allegation of another similar commitment issued out of the same court on the twenty-second of May.

Clark agt. Bowe.

" *Third.* That, as the plaintiff is informed and believes, both of said commitments were unauthorized by law and were void."

The second and third subdivisions of the complaint above recited were the ones attacked on the argument of this demurrer. The subsequent subdivisions of the complaint allege that the sheriff imprisoned the plaintiff in this action upon the commitment recited, against the plaintiff's protest and demand to be discharged, until the plaintiff was compelled to and did pay to the sheriff the sum of $561, for which amount he asks judgment in this action. The criticism made upon the complaint is that the allegation that the commitments were void is not a statement of fact, but a conclusion of law; and that being a mere conclusion of law, taken in connection with a previous recital of the facts relating to the commitment, it is controlled by that recital of facts.

This criticism seems to me a just one. Sufficient facts are recited in the second subdivision, above quoted, to raise the presumption that the supreme court of the state of New York — a court of general jurisdiction, and therefore of presumed jurisdiction, unless facts are stated to upset that presumption — had actual jurisdiction of the parties, and of the action in the course of which it issued the commitments recited in this complaint. It does not appear by the complaint that the commitments were ever set aside or reversed, or that the discharge of the defendant named therein was ever ordered by the supreme court. Nor is any fact stated tending to show the commitments void. So, it appears by the complaint itself that a court of general and competent jurisdiction, in an action pending in it, made an order in the course of that action, which, so far as the allegations here are concerned, it is to be presumed it had the power and the right to make; and that the defendant, a ministerial officer, merely obeyed such a mandate of that court. As against this circumstantial recital of facts, which in any court must raise the presumptions I have suggested, the averment in the third subdivision of the complaint,

that the commitments were unauthorized by law and void, ought to be regarded, if not a conclusion of law, a generality, controlled and overborne by the previous circumstantial recitals (*Roderiguez* agt. *East River Savings Bank*, 63 *N. Y.*, 460; *Lange* agt. *Benedict*, 73 *N. Y., pp.* 12, 30).

I am cited by the plaintiff's counsel to a number of cases in which a general allegation of invalidity as "unlawful" in trespass (*Eddy* agt. *Beach*, 7 *Abb.*, 17; *Shaw* agt. *Jane*, 4 *How. P. R.*, 119), that matter is "material" in perjury, or that a conversion was "wrongful" in trover (56 *Barb.*, 395; 3 *Seldon*, 476; *Phinney* agt. *Phinney*, 17 *How. P. R.*, 197), were upheld as being a sufficient statement of fact. Those cases do not conflict with the opinion I have indicated. The difficulty with this complaint is that it recites facts which raise presumptions in conflict with and superior to the general allegation that the commitments were unauthorized by law and void. Suppose in an action of trespass the complaint should allege ownership of the property in defendant, and follow that with the general assertion that the trespass was "unlawful," which would control? or, in an indictment for perjury facts should be recited showing that the matter alleged was not material, would a mere allegation of materiality prevail on demurrer? or, in an action of trover, if sufficient facts should be recited to show that the conversion was rightful, would an allegation that it was "wrongful" overcome the recital of facts? The specific statement of facts would always prevail, in construing a complaint or any other paper, against a general statement, whether that statement should be regarded as a mere conclusion of law or not (*Hatch* agt. *Peet*, 23 *Barb.*, 575; *Hoge* agt. *Boyd*, 11 *How.*, 415; *Laub* agt. *Buckmiller*, 17 *N. Y.*, 620, 622; *Conaughty* agt. *Nichols*, 42 *N. Y.*, 83; *Gould* agt. *Glass*, 19 *Barb.*, 179; *Ogdensburg Bank* agt. *Van Rensselaer*, 6 *Hill*, 240; *Lange* agt. *Benedict, supra; Roderiguez* agt. *East River Bank, supra*).

In this case the question is not whether a ministerial officer is protected by process valid upon its face, but whether in an

Clark agt. Bowe.

action against a ministerial officer for executing a process valid upon its face, issued out of a court having jurisdiction of the action and of the parties, a general allegation that the process was unlawful and void shall have greater force than a recital of facts which shows that it was authorized and valid. It may not, in fact, have been authorized and valid, but it was, so far as the recitals in this complaint go. The commitment itself is not before us. If the second subdivision of the complaint were not somewhat circumstantial, at least sufficiently so to raise the presumption of jurisdiction and power, it might be that the general allegation of the third subdivision would be sufficient. But the second subdivision is sufficiently circumstantial to demand, before its force can be destroyed and the presumption which it raises of the validity of the process under which the defendant acted can be overthrown, a recital of facts which shall show that the supreme court either had not jurisdiction of the parties or of the action, or that it exceeded its jurisdiction, or that it issued an order which it was powerless to grant, or some other fact which would sufficiently inform this court that a co-ordinate court acted without authority of law.

I have not attempted to deal with the matter in controversy beyond the mere question of pleading, and, therefore, do not discuss those portions of the points of counsel relating to the liability of the sheriff to repay moneys to a party from whom they were taken by reason of a void process. It is certainly unnecessary to discuss those cases in which parties recovered from a tax collector moneys demanded by him upon void tax warrants, because in all of them it clearly appeared that the warrants were void, in none of them was the question in controversy one of pleading, and they all proceeded upon the theory that the plaintiffs never had their day in any court, and the presumptions, therefore, which attach to the process of the court, did not attach to a tax warrant. Here, I repeat, the only question is, which, in a complaint, is to control — a recital of facts which tends inevitably to raise one presumption both

of fact and of law, or a general allegation which is in conflict with such recital?

The demurrer is sustained, with leave to the plaintiff to amend his complaint upon payment of costs.