JACOB DARMSTAETTER v. JOHN F. MOLONEY.

*Municipal taxation—Assessor's certificate—Amendment by implication.*

45   621
109   137

45   621
115   389

45   621
f119   115

Where specific regulations in a general law are adopted in a local law by words of general reference, subsequent changes therein are not necessarily adopted also, unless the intent to do so is clear.

A municipal charter invested the assessor with the powers and duties of a supervisor. The general tax law prescribed a form of certificate to be appended by supervisors to tax-rolls. This form was afterward amended. *Held*, that whether the assessor was required to add the certificate originally required, or not, his failure to make it correspond to the amended form did not invalidate the roll.

Where the assessor is a member of the board of review, and is the officer designated by law to present the assessment roll to the board, it does not need to be authenticated by his certificate.

A requirement that the board of review shall sign the assessment roll after correcting it, is substantially complied with if the board sign a certificate pasted to the roll and certifying that they have completed the review, correction and approval thereof.

Case made after judgment from the Superior Court of Detroit. Submitted January 27. Decided April 13.

Assumpsit. Plaintiff had judgment below. Reversed.

*Otto Kirchner* for plaintiff, as to the signing, cited *Colby v. Russell* 3 Me. 227; *Sibley v. Smith* 2 Mich. 501; *Clark v. Crane* 5 Mich. 151.

*F. A. Baker* for defendant. The signing of a tax list is sufficient if the name is so attached as to show the intent to give it sanction: *Johnson v. Goodridge* 15 Me. 29; *Bangor v. Lancey* 21 Me. 472.

Graves, J. The defendant, an assistant receiver of taxes in the city of Detroit, levied on certain chattels of the plaintiff for city taxes assessed against him on personal estate and the plaintiff thereupon paid the taxes under protest and brought this action for their recovery back. The court decided in his favor and the defendant questions the judgment on a case framed under the statute. The right to recall the money is rested on what are claimed to be two fatal errors connected with the roll, and unless the plaintiff is able to vindicate one or the other of these objections his recovery cannot be maintained.

The first objection is grounded on a supposed defect in the assessor's certificate appended to the roll. In framing the certificate the assessor adhered strictly to the form, which was in force as a part of the general tax law at the time the city charter underwent full revision in 1857. Comp. L. 1857, § 806. He accordingly left out the statement superadded in the form given in the later general tax law (Comp. L. 1871,

§ 991) that the property was not assessed "at the price it would sell for at a forced or auction sale," and the plaintiff contends that in consequence of this omission the roll was invalid. He cites the provision of the revised charter of 1857 vesting the assessor with the powers and duties of a supervisor (§ 3, ch. 9, Laws 1857, p. 140) and then argues that it requires that the assessor shall now make the same certificate which the existing general law requires at the hands of a supervisor. And as tending to fortify this view he further observes in effect that in making the assessor liable in general terms to the same duties as supervisor the Legislature must have contemplated that a proper certificate would be ·necessary as a means of authenticating the roll to the board of review. The defendant's counsel encounters these propositions by saying that in respect to the incidents in the assessment and collection of *city* taxes the *charter* prescribes the course of proceeding, and in so doing requires no certificate whatever. Hence the circumstance that the assessor attached one not conformable to the general tax law is wholly immaterial.

I do not deem it needful to discuss the case on this theory. The facts do not require it. For the purpose of the present controversy it may be assumed that the plaintiff is correct in claiming that the charter of 1857 made it the duty of the assessor to append the same certificate which the general tax law required from a supervisor, and the investigation may then be reduced to the question whether the duty originally imposed in this respect has been changed so as to require a different certificate. The facts permit the case to be considered under the assumption stated, and without deciding whether any certificate is or is not necessary; because the assessor did certify in exact accordance with the form prescribed for supervisors in the general tax law which was in force in 1857.

Although not necessary in the view taken, it may be well to notice the idea of the plaintiff that there was occasion for a certificate at that time for the purpose of authenticating the roll to the board of review. It is only necessary to recur to

the composition of the board then provided for (§ 6, ch. 9, p. 141, Laws 1857) to see that there was no such necessity. The assessor was himself a member of the board and by tracing out the proceedings it will be seen that he was to be the official bearer of the roll to the board. Such was the regulation in the same act which originated the provision for vesting the assessor with the powers and duties of a supervisor. And whatever may be said as to what has now become needful in consequence of changes in the constitution of the board, there is no foundation for the argument that the provision was originally made with any view to the necessity for a certificate as a means of authenticating the roll to the board. Certainly the purpose of the provision cannot be explained on any such theory.

Proceeding on the assumption heretofore stated that the general terms in the charter included the duty to certify in the form which was then prescribed in the general tax law, and recurring to the question, the point presented is, whether the legislation which changed the general tax law in respect to the contents of the certificate changed *ipso facto* the operation of the charter and so altered the duty of the assessor as to require him to certify in the mode newly prescribed in the amended tax law, and an answer in the negative appears unavoidable. It being granted that the reference to the duties of supervisors embraced the duty to certify the tax rolls, the only construction fairly admissible is that it was limited to the duty then existing and understood, and did not contemplate that the assessor's duty should vary with the possible fluctuations in the general tax law.

The case falls under the rule that a piece of legislation for a particular city which adopts under general words of reference a specific regulation in a separate general law is not to be taken as adopting prospectively the future alterations in the provision of the general law so appropriated, unless the intent therefor is express or strongly implied. The case here is not aided by any proof of the existence of such an intent. The result is that the certificate which accompanied the roll was

not open to the exception taken to it, and the first objection to the authority to collect the tax cannot be sustained.

The other objection rests in the following charter provision: "The board, or a majority of them, having completed the review and correction of the assessment roll, shall respectively sign and return the same to the common council" (Laws 1861 p. 193), and the exception taken to the proceeding is that the roll *was not signed*. It appears in a statement of facts that a writing of the following tenor was drawn on a paper attached to the last page of the roll by paste, and "respectively signed" by the members of the board:

"*To the Honorable the Common Council of the City of Detroit:*

The undersigned, Board of Review of the city of Detroit, do hereby return in accordance with sec. 6, chap. 9, of the Revised Charter, the within annexed assessment roll of the ninth ward for the year 1879, the review, correction and approval of which they have completed.

A. SHELEY,

H. M. DEAN,

LEVI L. BARBOUR,

Board of Review."

*Detroit, May 2, 1879.*

The exact meaning of counsel in saying that this was not a signing of the assessment roll according to the requirement of the statute is not evident. If rightly understood the position is that the writing actually signed was a communication to the common council, and although pasted to the roll it was in point of sense a document separate therefrom, and that the signing on it was not operative on the roll. Whether this is the proper explanation or not, the objection does not impress one favorably.

No doubt the writing amounted to a communication to the common council. But what of it? It was a proper communication. By means of it the board communicated the roll and also the fact of completion of the review and correction of it. It was mechanically attached to the roll, and it was likewise joined to it in sense by reason of its nature and contents. Had the board done nothing more on the paper than to put their names on it, no one would venture the objection that such a signing could not

45 MICH.—40

be deemed a signing of the roll to which the paper was pasted, and yet what was written over the signatures detracted in no way from the effect. The signing was no less applicable to the roll than it would have been if the paper had been signed in blank. But the writing increases the evidence of connection between the signatures and the roll. The written references co-operate with the other circumstances in establishing the applicability of the signatures, and there is no room for contending that they were not made to the roll.

The conclusion is therefore that the objections relied on by the plaintiff as entitling him to recover back the tax are not valid and that the judgment should be reversed and one entered here for the defendant with the costs of both courts.

The other Justices concurred.