JOSEPH F. KNAPP, APPELLANT, *v.* THE CITY OF BROOKLYN, RESPONDENT.

*Assessment — no action to vacate it can be brought in the city of Brooklyn — 1874, chap.* 312, *sec.* 2.

The prohibition contained in section 2 of chapter 312 of 1874, providing that no action should thereafter be commenced for the vacation of any assessment, or to remove a cloud upon title, and confining owners of property in such cases to proceedings under chapter 338 of 1858, is applicable as well to the city of Brooklyn as to the city of New York.

Appeal from a judgment in favor of the defendant, entered upon an order sustaining a demurrer to the complaint.

The complaint alleges that the defendant levied an assessment for a local improvement, known as grading and paving Halsey street, upon the lands of plaintiff, which was valid upon its face and constituted a lien upon said lands, but was actually illegal and void, by reason of facts *dehors* the record. That the expense of the local improvement, for which the assessment was laid, had been increased in dollars and cents by reason of the illegal action, frauds and irregularities of the officers of the defendant to the extent of twenty-five per cent thereof. That the plaintiff, in ignorance of these facts, paid the assessment in full. The plaintiff demanded judgment that the said assessment be reduced and that he recover the money which represented the fraudulent increase.

The complaint is demurred to on three grounds:

*First.* That the court has not jurisdiction of the subject-matter of the action.

*Second.* That two causes of action have been improperly united therein, in that one is for the reduction of an assessment and the other for the recovery of money.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

The court at Special Term sustained the demurrer and ordered judgment for the defendant.

*John T. Barnard*, for the appellant.

*John A. Taylor*, for the respondent.

Gilbert, J.:

If an action of this kind can be sustained, the complaint in this case is fatally defective because it does not set forth the facts upon which the allegations that the assessment "has been increased in dollars and cents by reason of the illegal action, frauds, and irregularities," which the pleader had in mind, was founded. The averment presents a mere conclusion of law, and tenders no issue of fact.

But passing that defect, we are of opinion that the prohibition contained in section 2 of chapter 312 of the Laws of 1874, namely, that no action should thereafter be commenced for the vacation of

any assessment, etc., etc., but that owners of property should thereafter be confined to their remedies in such cases to the proceedings under the act thereby amended, is applicable alike to Brooklyn and New York. The only effect which that act had was to amend chapter 338 of the Laws of 1858. Although the latter act when passed was limited to the city of New York, yet it was subsequently extended and made applicable to the city of Brooklyn. (Laws 1862, chap. 63, sec. 43 ; Id. 1871, chap. 483, sec. 1 ; Id. 1873, chap. 683, tit. 18, sec. 38.) The last two acts are, in respect to the question before us, mere re-enactments of the act of 1862.

The amendment of the act of 1858, enacted in 1874, was not merely another amendment of the former act as originally passed, but affected it as it stood after the amendment of 1862. After the latter act was passed it became requisite, in order to give the act of 1858 its true and full legal effect, to read and interpret it in the same manner as if the amendment of 1862 had been incorporated therein originally. (*Board of Excise* v. *Curley*, 9 Abb. N. C., 100 ; S. C., 69 N. Y., 608 ; *Ely* v. *Holton*, 15 N. Y., 595.) So read, the amendment of 1874 is operative in favor of Brooklyn as well as New York.

The relief sought in this action is a reduction of the assessment, and then the recovery of a sum paid in excess of the amount of the assessment after such reduction shall have been made. We think that a reduction of the assessment would vacate it *pro tanto*, and therefore would be in the teeth of the prohibition contained in the act of 1874. (*Eno* v. *The Mayor*, 7 Hun, 320.)

The judgment should be affirmed, with costs.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.