JOSEPH F. KNAPP, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

The provision of the act of 1862, amending the Brooklyn City Consolidation Act (§ 43, chap. 63, Laws of 1862), by making the provisions of the act "in relation to frauds in assessments for local improvements in the city of New York" (Chap. 338, Laws of 1858), applicable to the city of Brooklyn, did not amend or alter the New York city act ; the effect of it was simply to incorporate its provisions, as it then stood into the Brooklyn act, as if it had been repeated therein.

Accordingly *held* that the act of 1874 (Chap. 312, Laws of 1874), amending the New York act, by forbidding an action in equity to vacate an assessment, and confining owners of property to the statutory remedy provided, did not apply to the city of Brooklyn, but only affected the city of New York.

Also *held*, that the act of 1871 (Chap. 483, Laws of 1871), and the act of 1873 (Title 18, § 38, chap. 863, Laws of 1873), amending said provision of the consolidation act, by declaring that the New York act " so far as applicable to the city of Brooklyn," was thereby amended as specified, did not contemplate an amendment of the New York act itself, but simply when considered as part of the Brooklyn act.

An action to vacate a portion of a municipal assessment alleged to have been added by reason of illegal action or fraud, and to recover back the same, is maintainable, if there be no statutory prohibition.

Where the complaint in such an action simply alleged that the expense of the improvement and the assessment had been increased to an amount stated, " by reason of the illegal actions, frauds and irregularities of the officers," without specifying the illegal actions, the frauds or the irregularities complained of, *held*, that it was defective as averring simply legal conclusions, not facts ; and that a demurrer thereto was properly sustained.

(Argued December 1, 1884 ; decided December 16, 1884.)

APPEAL from a judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 12, 1882, which affirmed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 28 Hun, 500.)

The substance of the pleadings is set forth in the opinion.

*John T. Barnard* for appellant. On demurrer a complaint

is deemed to allege what can be implied from the allegation therein by reasonable and fair intendment and facts impliedly averred, are traversable in the same manner as though directly averred. (*Marie* v. *Garrison*, 83 N. Y. 14; *Zabriskie* v. *Smith*, 13 id. 330.) The remedy for indefiniteness is not by demurrer but by motion. (*Seeley* v. *Engell*, 13 N. Y. 542; *People* v. *Ryder*, 12 id. 433.) There was no misjoinder of different causes of action. (87 N. Y. 452.) The title of a local act may be resorted to for aid if the statute itself is doubtful or ambiguous. (Const., art. 3, § 16; *People, ex rel.* v. *Wood*, 71 N. Y. 371; *Matter* v. *Meddleton*, 82 id. 196; *People, ex rel.* v. *Brinkerhoff*, 68 id. 259; *People, ex rel.* v. *Briggs*, 50 id. 553; *in re Van Antwert*, 56 id. 261; *Matter of Sackett*, 74 id. 95; *Matter of Blodgett*, 89 id. 392.) Courts cannot correct supposed errors, omissions, or defects in legislation. (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Newell* v. *People*, 7 id. 97; *Clarkson* v. *H. R. R. R. Co.*, 12 id. 304; *Johnson* v. *H. R. R. R. Co.*, 49 id. 455.) In other words, the act of 1874 should be considered as only equivalent to an independent statute upon the subject of taxes and assessments in the city of New York, passed at its date, so far as the new provisions are concerned. (*Ely* v. *Holten*, 15 N. Y. 595; *Matter of Penget*, 67 id. 441; *Goillotel* v. *Mayor*, 87 id. 441.) The act of 1858 (chap. 338) as amended by the act of 1874 (chap. 312), is only applicable when the lien of the assessment actually exists. (*Matter of Lima*, 77 N. Y. 170; *Matter of Gantz*, 85 id. 536; *In Matter of Mead*, 74 id. 216; *Eno* v. *Mayor, etc.*, 68 id. 214; *Strusburgh* v. *Mayor, etc.*, 87 id. 452; *Chase* v. *Chase*, 95 id. 373, 381.)

*John A. Taylor* for respondent. As the complaint failed to state facts from which fraud or irregularities can be found, its allegations are insufficient to support a judgment. (*McMurray* v. *Thomas*, 5 How. Pr. 14; *Glenny* v. *Hitchins*, 4 How. 98; *Russell* v. *Clapp*, 41 id. 347; *Butler* v. *Viele*, 44 Barb. 169; *Hillson* v. *Libby*, 44 Sup. Ct. 12.) The ordinary presumption of performance of duty by public officers ought certainly to

obtain against the loose assertions of the complaint. (*Cruger* v. *H. R. R. R. Co.*, 12 N. Y. 190; *Ensign* v. *Sherman*, 13 How. Pr. 36; Moak's Van Santvoord's Pleadings, M. 355. [3d. ed.], 269.) Section 519 of the Code, which provides for a liberal construction of pleadings as to their form, has never been held to protect pleadings lacking essentially in substantive averments. (*Spear* v. *Downing*, 12 Abb. Pr. 437.) Section 2 of chapter 312 of Laws of 1874, forbidding an action in equity to vacate an assessment, and confining property owners to the statutory remedy, is operative as to them in the city of Brooklyn, and an effectual bar to this action. (*Matter of Rae*, 5 Hun, 456; *Matter of Daniel Buhler*, 19 How. Pr. 319; *Lennon* v. *Mayor, etc.*, 155 N. Y. 361; *Heckman* v. *Mayor, etc.*, 22 Hun, 590; *Eno* v. *Mayor*, 7 id. 323.) Wherever an ordained statute remedy is varied by subsequent law, effect will be given the new provision to whatever extent the special subject of amendment has been carried by intervening acts. (*Board of Excise of Westchester* v. *Curley*, 9 Abb. N. C. 100; *Munday* v. *Excise Com.*, id. 120; *Kugler's Appeal*, 55 Penn. St., 123; *Dawson* v. *Horan*, 51 Barb. 459; *McKnight* v. *Dinsmore*, 22 Mo. 559.) The act of 1875 simply prohibits " the courts from vacating or reducing any assessment for a local improvement in Brooklyn, otherwise than to reduce it to the extent it has been increased by fraud or irregularity." (13 Hun, 349; 74 N. Y. 216.) The titles of the acts in question are not to be resorted to except for the purpose of explaining doubtful phraseology. They are not competent to limit the scope of the enactment except where their sufficiency is objected to on constitutional grounds. (*Mills* v. *Wilkins*, 6 Mod. 42.; 2 Salk. 609; *Att'y-Gen'l* v. *Lord Weymouth*, Amb. 22; *Hadden* v. *Collector*, 5 Wall. 110.) It was competent for the legislature to limit the remedy for erroneous payments of assessments to the statutory proceedings upon grounds of public policy. (*Lannon* v. *Mayor, etc.*, 55 N. Y. 361; *Candee* v. *Hayward*, 37 id. 656; *Wetmore* v. *Tracy*, 14 Wend. 255.) No action survived to plaintiff after payment of the assessments. (*In re Lima*, 77 N. Y. 170; *Swift* v. *City*, 37 id. 514; *Wilkes* v. *Mayor, etc.*,

79 id. 621; *Eno* v. *Mayor, etc.*, 68 id. 214; *How* v. *New Lots*, 83 id. 100; *Strusburgh* v. *Mayor, etc.*, 87 id. 452.)

FINCH, J. The demurrer to the complaint in this action has been sustained upon two grounds, one of which leaves the pleading defective, but capable of correction, while the other, if approved, threatens the right of action itself, and possibly renders a dismissal of the complaint inevitable. The first ground is that no facts constituting a cause of action are alleged, but instead a legal conclusion is pleaded. The object of the suit is to vacate so much of a paid assessment as constitutes an illegal or fraudulent increase, and to recover back such excess. The action is maintainable if there be, in a given case, no statutory prohibition. (*Strusburgh* v. *Mayor, etc.*, 87 N. Y. 452.) But the complaint here avers only the legal conclusion of an unlawful increase without stating any facts as its basis. The language is "that the expense of the said local improvement for which said assessment was laid has been increased in dollars and cents by reason of the illegal action, frauds and irregularities of the officers," etc., of the defendant. No actions of such officers are pointed out as illegal; no frauds are described or averred; no irregularities are specified; and so no facts are pleaded upon which issue can be taken, or which indicate to the court or the adversary the questions intended to be tried. The substance of the complaint amounts only to an allegation that $623 of the assessment was illegal. That is not sufficient. (*Butler* v. *Viele*, 44 Barb. 169; *Hilsen* v. *Libby*, 12 J. & S. 12; *Clark* v. *Bowe*, 60 How. Pr. 98.) But this difficulty may be remedied by a change of the pleading, and we ought to give opportunity for that, unless it would prove fruitless by reason of the second ground of objection which is aimed at the right of action itself.

That objection is that the act of 1874 (Chap. 312) amending the act of 1858 (Chap. 338), applies to the city of Brooklyn as well as to New York, and forbids an action in equity to vacate an assessment, confining owners of property to the statutory remedy provided. The act of 1858, as originally passed, re-

lated to frauds in assessments for local improvements in the
city of New York, and affected that city alone.   In 1862
(Chap. 63, § 43), the act consolidating the cities of Brooklyn and
Williamsburg and the town of Bushwick, passed in 1854, was
amended by inserting the following section, viz. : " The pro-
visions of the act entitled an act in relation to frauds in assess-
ments for local improvements in the city of New York, passed
April 17, 1858, are hereby extended and made applicable to the
city of Brooklyn, and to the proceedings relative to any assess-
ment for local improvements made or to be made therein."
It is plain upon its face that this act amended the consolidation
act of 1854, and did not amend or alter in any respect the New
York city act of 1858.   The thing accomplished was to in-
corporate in the Brooklyn act the provisions of the specified
New York act as they then stood, and precisely as if they had
been repeated and transferred in detail, instead of being identi-
fied by a reference to the act of 1858.   They thus became part
and parcel of the Brooklyn act of consolidation, but left the
statute of 1858 unchanged and applicable by its own terms and
force to the city of New York alone. In 1871 (Chap. 483), the
act of 1862 was amended by adding to section 43, which we
have copied above, the following, viz. : " But the said act, *so
far as applicable to the city of Brooklyn*, is hereby so amended
that no proceedings shall be taken thereunder except at a
regular term of the court," etc.   It is said this language con-
templated an amendment of the New York city act. We think
not.   It was that act, as fused with and transferred into and
made an integral part of the consolidation act, which was
amended, and not the New York act itself.   That is what was
meant by the descriptive phrase " so far as applicable to the
city of Brooklyn."   The same thing occurred in 1873 (Chap.
863, tit. 18, § 38), and is subject to the same construction.   But
in 1874, the New York act of 1858 was itself amended by the
insertion of a provision (§ 2, chap. 312), that " hereafter no
suit or action, in the nature of a bill in equity or otherwise,
shall be commenced for the vacation of any assessment in said
city or to remove a cloud upon title, but owners of property

shall be hereafter confined, for their remedies in such cases, to the proceedings under the act hereby amended." It is now claimed that this amendment of the act of 1858 became at once the law for the city of Brooklyn. We do not agree with that conclusion. The Brooklyn acts were not amended by this last legislation ; the New York act was. The title of the amendatory act of 1874 refers only to the latter city ; and to extend the amendment to Brooklyn requires us to say that the act of 1862, incorporated into the Brooklyn charter, not only the act of 1858, as it then stood, which was the exact thing accomplished, but all possible amendments, alterations and changes of that act to occur in the future, and which might well be for the interest of the one city while not so for that of the other. The legislature ordained nothing of the kind, indicated no such intention, and we are not satisfied to hold that the law specifically applied, as it then stood, to the city of Brooklyn, became ambulatory with the changes made proper by the needs of the city of New York. The argument for such a construction rests mainly upon the idea, which we have said was a mistaken one, that the effect of the act of 1862, was to amend the act of 1858, by inserting in it words making it relate also to Brooklyn, so as to fasten to it, in respect to that relation, all subsequent amendments. But the precise contrary was the process actually adopted, and so the amendment in question affected the city of New York alone. This view of the course of legislation leaves wholly inapplicable the authorities upon which the appellant relies. They hold that where one act adopts a former one, as part of itself, it takes it as it stands amended at the date of such adoption (*Board of Excise of Westchester* v. *Curley*, 9 Abb. N. C. 100) ; that a provision authorizing the election of justices of the peace in the city, and providing that in exercising civil jurisdiction they shall be deemed justices of the peace of the county, and that the general laws relating to justices of the peace of the towns shall be applicable, is broad enough to confer upon the new officers an enlarged jurisdiction subsequently given to justices of the peace by general law, (*Dawson* v. *Horan*, 51 Barb. 464); and that an act amended is to be read, as it respects

the application of its other provisions, as if the amendment had been contained in it originally. (*Dexter and Limerick Plank Road Co.* v. *Allen*, 16 Barb. 15.) None of these cases affect our conclusion.

It follows that the judgment of the General Term should be affirmed, with costs, but since the defect in the complaint is capable of correction, the plaintiff should have leave upon payment of costs of the demurrer, including those of the appeals to the General Term and to this court, to serve within twenty days from notice of the entry of this judgment an amended complaint in the action.

All concur.

Judgment accordingly.