### RANDALL v. SCHWEIKART.

MUNICIPAL CORPORATIONS—MAYOR'S APPOINTMENTS—CONSENT OF COUNCIL.

Section 114 of the Detroit charter, providing that all appointments to office by the common council shall be made by a majority vote of the members-elect, does not, in view of the history of that provision, apply to appointments which, under the charter, are to be made by the mayor "with the consent" of the council, and a confirmation of such an appointment by a majority of a quorum of the council is sufficient.

*Certiorari* to Wayne; Lillibridge, J. Submitted October 12, 1897. Decided December 21, 1897.

*Mandamus* by James A. Randall to compel Carl Schweikart and Arthur S. Parker, members of the board

of park and boulevard commissioners of Detroit, to recognize relator as a member of said board.  From an order denying the writ, relator brings *certiorari*.  Affirmed.

*John J. Speed*, for relator.

*Charles Flowers* (*Alfred Lucking*, of counsel), for respondents.

MONTGOMERY, J.  The relator applied to the circuit court for a *mandamus* to compel the respondents, who are two of the members of the board of park and boulevard commissioners of Detroit, to recognize relator as a member of that board.  The circuit court refused the writ, and the case is before us for review on *certiorari*.

The relator was an incumbent of the office.  The term for which he was appointed expired.  He was entitled to hold over until his successor should be appointed.  The mayor named Dr. B. R. Hoyt for the office, and his appointment was confirmed by a majority of a quorum of the common council, but not by a majority of the members-elect.  The sole question requiring our consideration is whether the vote required for the confirmation of an appointment to this office is the vote of a majority of the members-elect, or whether the vote of a majority of a quorum is sufficient.  It is conceded that a majority of a quorum is, by the charter, authorized to transact ordinary business, but it is contended by the relator that the confirmation of the mayor's appointments comes under special provisions.  Section 114 of the charter provides:

"All appointments to office by the board of aldermen shall be made by a majority vote of all the aldermen elected, and removals from office shall be made by a majority vote of all the members of the common council elected, except in cases where by this act a different vote may be required."

This provision was, in its present form, incorporated into the charter in 1883.  Previously the provision had been identical with the present except the words "by the

board of aldermen " had not been included in the section. The inquiry naturally arises, Why were these words interpolated ?   The answer is made obvious by a history of the changes in the charter.   In 1881 there was instituted for Detroit an upper house, called the " Board of Councilmen," and in the creation of the upper house it was provided that all nominations by the mayor or other officer or board should be made to and confirmed by the board of councilmen ; all appointments not on the nomination of the mayor or other officer or board should continue to be made by the board of aldermen.   Section 114 was thereupon amended, requiring all appointments by the board of aldermen to be made by a vote of a majority of all the aldermen-elect.   It will be seen that no such provision was adopted relative to appointments to be confirmed by the upper house, or board of councilmen.

It is the contention of the respondents' counsel that this provision means now what it did at the time it was adopted, and is limited to appointments which the board itself makes, while, on the other hand, relator's counsel maintains that it should be construed to cover all nominations on which the common council, as now constituted, is required to vote.   This question must be determined by ascertaining, if we may, the legislative intent by subsequent amendments.   In 1887 the charter was amended. The board of councilmen was abolished, and all the powers and duties of the councilmen were conferred upon the common council.   It was provided that the "board of aldermen" was to be taken to mean the "common council" whenever it occurred in the charter. . The title of the amendatory act gives no indication of an intention to amend section 114, nor was the section, as amended, reproduced.   See Const. Mich.' art. 4, §§ 20, 25.   The provision conferring upon the common council powers and duties previously exercised by the board of councilmen should not be construed as enlarging those duties.   The general rule is that a statute which is amended is thereafter, and as to all acts subsequently done, to be construed

as if the amendments had always been a part of the statute. End. Interp. Stat. § 294.   But an equally well understood rule of construction is that which requires that the language of a statute be construed in the sense which it imported at the time of its adoption (End. Interp. Stat. § 85; *Darmstaetter* v. *Moloney,* 45 Mich. 621); and, while this latter rule must give way to the former when the language is clear and without ambiguity, we think this is not such a case.

There was no amendment, in terms, to section 114. The appointments which the previous charter provided should be made by a board of aldermen continued to be made by the same body, and under the amended charter there is still room to apply the terms of section 114 to such appointments.   The relator's counsel has argued at length that the mayor's appointments are not effective without the concurrence of the common council; that, therefore, the appointment is made by the common council, within the meaning of section 114.   We do not think the deduction necessarily follows from the premises.   As we have seen, such was not the intention when section 114 was adopted, and, in our opinion, the language of that section does not imperatively call for that construction now.   An appointment to office by the common council on the nomination of the mayor, or the confirmation by the council of the mayor's appointment to office, would not, ordinarily, be referred to as an appointment by the board of councilmen or by the common council.   Strictly, it is not that.   More appropriately it would be called an appointment by the mayor *and* common council.   The act relating to the board of park and boulevard commissioners provides that commissioners shall be appointed by the mayor, with the consent of the common council.   This appointment, so made, is not, we think, an appointment by the common council, within the meaning of section 114.

The order of the circuit judge is affirmed.

The other Justices concurred.