THE AMERICAN BANK, Respondent, *v.* EDITH OTIS GOSS, Appellant.

First Department, March 23, 1923.

Statutes — construction — statute adopting another statute does not adopt subsequent additions to or modifications of adopted statute unless contrary intent appears — process — Code of Civil Procedure, § 443, providing for service of summons without State without order in cases specified in Code of Civil Procedure, § 438, subd. 5, does not authorize such service where action is commenced by attachment — judgment entered by default on service of summons without State without order in action so commenced will be set aside.

Where a statute expressly or by necessary implication adopts another, that statute must be deemed to have incorporated the statute adopted *ipsissimis verbis,* and future additions to or modifications of the adopted statute are not included in the adoption, unless a contrary intention is clearly manifested.

The service of a summons without the State without an order in an action commenced by attachment is not authorized by section 443 of the Code of Civil Procedure which provides for such service in cases specified in subdivision 5 of section 438 of the Code of Civil Procedure, since the provision in said subdivision 5 authorizing the service of the summons by publication where a warrant of attachment had been granted in the action and had been levied upon property of the defendant within the State, was not a part of said subdivision when section 443 of the Code of Civil Procedure was enacted and there is no expression of a legislative intent that the reference in section 443 of the Code of Civil Procedure to subdivision 5 of section 438 should include after adopted amendments to said subdivision.

Accordingly, a judgment entered by default on the service of a summons without the State without an order in an action commenced by attachment will be set aside.

DOWLING, J., dissents.

APPEAL by the defendant, Edith Otis Goss, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1922, denying her motion to vacate a judgment in favor of the plaintiff entered by default, made on

the ground that the court was without jurisdiction to render said judgment.

*Louis C. White* of counsel [*Percy L. Klock,* appearing specially], for the appellant.

*Duncan & Mount* [*John A. McManus* of counsel], for the respondent.

SMITH, J.:

This appeal raises the question as to whether section 443 of the Code of Civil Procedure, which provides for the service of a summons and complaint without the State without an order for such service, authorizes such service where an attachment has been granted upon the property of the defendant. Section 443 provides for the service without the State without an order in cases specified in section 438, subdivision 5. When section 443 was enacted, said subdivision 5 did not contain the provision authorizing the service of a summons by publication where a warrant of attachment had been granted in the action and had been levied upon the property of the defendant within the State. This provision was added to subdivision 5 of section 438 by the Laws of 1920 (Chap. 478).

It is a well-settled rule of interpretation of statutes that where a statute expressly or by necessary implication adopts another, that statute must be deemed to have incorporated the statute adopted *ipsissimis verbis,* and future additions to or modifications of the latter are not included in the adoption, unless a contrary intention is clearly manifested. This rule of law was cited in *Carling* v. *Purcell* (3 Misc. Rep. 55) and authorities cited. In Sutherland on Statutory Construction (Vol. 2, p. 787) the law is stated to be as follows: " Where one statute adopts the principal provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken, unless it does so by expressed intent." (See, also, Endlich Interp. Stat. § 492; *Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *Matter of Main Street, Sing Sing,* 98 id. 454; *People* v. *Damron,* 160 App. Div. 424.) In fact, this rule of interpretation is so well recognized that I have been able to find no cases whatever in which an exception has been made thereto.

The only remaining question is as to whether there is anywhere an expression of a legislative intent that a summons in an action

commenced by attachment might be served without the State without an order, as was provided in subdivision 3 of section 443, before the passage of the amendment of 1920. To my mind the exact reverse is indicated. By the amendment of 1920 it is only where an attachment has been granted and levied *and such fact appears by an affidavit,* that the order of publication is therein authorized. There is no provision in section 443, subdivision 3, for the service of this affidavit with the summons so as to indicate to the parties served in a foreign State that there is any jurisdiction by reason of the granting of the attachment. The service is authorized only upon the appearance of this fact by affidavit. It would seem to me clear that the only way in which this fact can appear by affidavit is upon an application for an order for publication, or service without the State. Certainly a defendant is not left until such affidavit be filed with the entry of judgment to know whether he has been validly served, and the requirement that this fact should appear by affidavit in order to give jurisdiction in my judgment necessarily requires an application for an order for publication, or for service without the state on the application for which such affidavit may be presented.

This conclusion is further fortified by the provisions of section 235 of the Civil Practice Act. The amendment to subdivision 5 of section 438 was enacted in 1920. The very next year the Civil Practice Act became a law. The Civil Practice Act is deemed to be largely interpretative of the provisions of the Code which are enacted therein. Under that section it is provided for service without the State without an order only in the case " Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property."

This was the exact provision of subdivision 5 of section 438 before the amendment of 1920. There is no provision under the Civil Practice Act for the service of a summons without the State without an order in case of an attachment levied within the State. This would seem to me a legislative interpretation of the effect of subdivision 3 of section 443, as limiting the scope of that part of the statute to subdivision 5 of section 438 as it existed at the time that section 443 was enacted; and this is in strict accordance with the rule of statutory construction which has been heretofore cited. Section 905 of the Civil Practice Act is a further indication of the interpretation put upon the law as it theretofore existed. That section provides that personal service must be made within

thirty days after the warrant is issued, and further " or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the State, pursuant to an order obtained therefor, as prescribed by law; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof." That section would seem to contemplate a service without the State, or the commencement of publication within the same time *pursuant to an order* theretofore granted authorizing such service.

I conclude, therefore, that the order refusing to set aside the judgment was erroneous and should be reversed, with ten dollars costs and disbursements, and the motion therefor should be granted, with ten dollars costs.

CLARKE, P. J., and FINCH, J., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.