DIDIER, Appellant, 'vs. CITY OF BELOIT and another, imp., Respondents.

*December 8, 1932—January 10, 1933.*

272

For the appellant there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Irving A. Puchner.*

For the respondents there was a brief by *Fiedler, Garrigan & Grimm* of Beloit, attorneys for the Royal Indemnity Company, and *Clarence L. Haugen* of Beloit, city attorney, and oral argument by *E. C. Fiedler.*

ROSENBERRY, C. J.   Sec. 289.16, Stats., requires that every contractor shall give a good and sufficient bond "for the payment by the contractor of all claims for such work

and labor performed and materials furnished," . . . which shall be conditioned "for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all the claims for work or labor performed, and materials furnished for or in or about or under such contract."

Sec. 289.53 provides:

"Any person, firm or corporation furnishing any material, apparatus, fixtures, machinery or labor, including the premiums for workmen's compensation insurance, to any contractor for public improvements in this state, except in cities of the first class, however organized, shall have a lien on the money, or bonds, or warrants due or to become due such contractor for such improvements," etc.

These sections of the statutes have been before the court for construction and interpretation in a number of cases. The liability of the surety under sec. 289.16 extends to all claims for work, labor, or materials which are lienable. If the claims are not lienable under sec. 289.53, then the surety on the bond is not liable for a default of the contractor. The plaintiff contends that under the doctrine laid down in *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W. 476, the claim was lienable. In that case it appears that one Daniel McKenzie was a general superintendent on the job. His duties consisted in directing the men on the work, telling them what to do and how to do it. He himself did all kinds of work that was to be done; he hauled sand, stone, and concrete, helped run the mixer, set and pulled sheathing. He started at 6:30 in the morning and had no regular hour for quitting at night, being there frequently until midnight; that his work consisted mainly of manual labor. This court was apparently in doubt as to whether the claim of McKenzie was lienable, it having been contended in that case that he was in the same situation as would be a general officer of the company. The court having found that the services rendered were mainly manual,

it was held that the trial court's determination that the claim was lienable would not be disturbed. Here the court has found that the services rendered by the plaintiff were mainly such as would be rendered by an executive, and while he did some slight amount of manual work it was such as might be done by a contractor himself who was superintending the job. Work and labor have a well understood meaning. While statutes of the kind here under consideration should be liberally interpreted, the interpretation should not proceed to the extent of amendment.

It is considered in this case that the services rendered by the plaintiff were not work and labor within the meaning of the statute. The plaintiff was not a laborer working upon the job. He was a superintendent in charge of the job under a power of attorney, giving him all of the authority that the contractor himself had. It may be said in addition to that that such manual service as he did perform was fully covered and paid for by the monthly wage agreed upon. The rate of compensation itself would arouse doubt that he was doing the work of a laborer or workman in the ordinary sense. The plaintiff having failed to establish a right to a lien, he has no claim against the defendant city of Beloit or against the defendant Royal Indemnity Company on its bond. The trial court correctly so held.

Two judgments were entered in this case. This is not in accordance with the established practice. *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378. This case does not fall within the exception noted in *Scharine v. Huebsch,* 203 Wis. 261, 234 N. W. 358. In this case the plaintiff does not claim to be prejudiced in any respect except that he was required to furnish two appeal bonds instead of one. The matter can be adjusted in the taxation of costs. The appellant should be allowed credit for the cost of one bond and the amount offset against the respondents, who are entitled to but one bill of costs.

*By the Court.*—Judgment affirmed,