Gilson Brothers Company, Respondent, vs. Worden-Allen Company and another, imp., Appellants.

*January 7—February 4, 1936.*

348

For the appellants there was a brief by *Bottum, Hudnall, Lecher, Michael & Whyte,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt.*

For the respondent the cause was submitted on the brief of *William F. Schanen* and *Victor Linley,* both of Port Washington.

FAIRCHILD, J.   The findings of fact do not support the conclusions of law, and do not warrant the judgment entered herein.   Under the law of this state, a principal contractor doing public work, in the absence of an agreement to the contrary, is not liable to the subcontractor of a subcontractor, merely because of that relationship, for what may be due from the first subcontractor to the second subcontractor. The rule, which the respondent seeks to avail itself of, limits the field of "parties in interest."   Sec. 289.16, Stats., placed upon a principal contractor the necessity of furnishing a bond, the penalty of which was not to be less than the contract price, to be conditioned for the payment to each and every person or party entitled thereto of all claims for work and materials furnished upon the job.   But it also confined the liability to the classes of persons then entitled to the remedy furnished by the mechanic's lien law in cases of private work.   This public works act was passed in order that materialmen and laborers employed upon state work should not be remediless in case of bankruptcy of the principal contractor.   The legislature did not attempt to give to anyone a mechanic's lien on a public building, but it devised the plan of placing a bond, to be given by the principal contractor, where it would serve to save from loss persons who were so related to the work that they would be protected were

they dealing with a contractor building for an individual. *Wisconsin Brick Co. v. National Surety Co.* 164 Wis. 585, 160 N. W. 1044; *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W. 476; *Fidelity & D. Co. v. Milwaukee-Western F. Co.* 191 Wis. 499, 210 N. W. 713; *Didier v. Beloit,* 210 Wis. 270, 246 N. W. 409. It must be conceded that, at the time the legislature enacted this law, there was no such right existing in favor of a subcontractor in the second degree.

Respondent contends that the class of persons included in the public works provision is the same as the broad class presently described in sec. 289.02, Stats. Counsel call attention to the fact that "not only has the class of persons entitled to such a remedy been broadened, but in 1931 . . . and 1933 . . . . sec. 289.16 was amended to enlarge the number of lienable items." An examination of these amendments shows that the classes of persons who may use the remedy provided by sec. 289.16, Stats., was not extended or changed beyond what it was when the statute was first passed. The only point to be passed upon is whether the respondent, being a subcontractor of a subcontractor, is a party in interest within the terms and conditions of that statute. The subsection thereof provided that the contractor and his surety may be called upon to pay for any failure to comply with the legal demands of a subcontractor, but does not carry that liability over and beyond that degree of proximity to the enterprise. There is no serious claim that respondent is not a subcontractor of a subcontractor. The rule in cases of work on public improvements in this jurisdiction has not been extended to apply in favor of remote furnishers of materials whose participation in the matter is unknown to the principal contractor. While respectable authority may be found to the contrary, it has been held here that the language of our statute does not justify such an arrangement, and it is

difficult to find justification for a requirement of payment by a principal contractor to a remote subcontractor or the furnisher of materials when such remote dealers have given no notice to the principal contractor of their transactions or their expectation of relying upon the principal contractor for payment.

There is no occasion on this appeal to consider the amendments which, liberalize the mechanic's lien law contained in other sections of the statutes. Sec. 289.16, Stats., was enacted to bring relief into a specific situation. It was passed at a time when subcontractors had certain rights against principal contractors working for a private individual, and its purpose was to provide subcontractors working for a principal contractor who had a public works contract with similar protection. It was calculated to assist those engaged upon public works who would be protected if employed in private building contracts. The class was fixed by the mechanic's lien law then in effect. This question was settled in this state by the decision in *Wisconsin Brick Co. v. National Surety Co., supra,* wherein this court said:

"The clearest indication of this intent is to be found in the fact that the wording of the contract and bond as laid down by the statute is to all intents and purposes identical with the wording of that part of the mechanic's lien statute which gives a lien to materialmen and laborers who perform work or furnish materials in the erection of a private building. The inclusion of the section in the chapter on liens in the statutes in immediate connection with the section relating to mechanics' liens in every authorized edition of the statutes is another very convincing indication of the legislative thought. Identical words in the two statutes should doubtless receive identical construction. If there would be no mechanic's lien here were the building owned by private parties, there ought to be no liability on the bond."

Sec. 289.16, Stats., by necessary implication, adopted the then limits of the mechanic's lien statute, and it must be

deemed to have incorporated the classification adopted *ipsissimis verbis,* and future additions to or modifications of the class are not included by such adoption. *American Bank v. Goss,* 204 App. Div. 759, 198 N. Y. Supp. 857; *Public Schools of City of Battle Creek v. Kennedy,* 245 Mich. 585, 223 N. W. 359; *Darmstaetter v. Moloney,* 45 Mich. 621, 8 N. W. 574, 576; *Sika v. Chicago & N. W. R. Co.* 21 Wis. *370. And, therefore, it could not be affected by reason of any change broadening the class in the mechanic's lien law. An act which is to be interpreted by a certain adopted standard of classification continues to be controlled by that standard as then fixed until changed by the legislature. "Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent." 2 Lewis' Sutherland, Stat. Const. (2d ed.) p. 788, § 405. Our construction of this statute and the limits of the field "of parties in interest" is subject to the rule referred to. A piece of legislation which contemplates specific elements in a separate law as a part of it is not to be taken as adopting prospectively all future alterations in the provisions of the other and separate statute, "unless the intent therefor is express or strongly implied." *Knapp v. City of Brooklyn,* 97 N. Y. 520; *Darmstaetter v. Moloney, supra.* The contract and bond were executed pursuant to sec. 289.16, Stats. Respondent has only such rights as that statute confers. The respondent, being a subcontractor of a subcontractor, has no remedy, under the facts of this case, against the appellants.

As to the giving of notice to the state highway commission, it appears without dispute that this notice was not given until the claims of respondent's customer, the Badger Wire & Iron Works, against the Worden-Allen Company, had been fully paid. It also appears that this notice, when transmitted by the commission to the Worden-Allen Company, was the

first information that the Worden-Allen Company received with respect to this claim. The present action is not brought under sec. 289.53, Stats., to establish or enforce a lien on funds held by the state, but is upon the contract, under sec. 289.16, Stats., and nothing arises out of this notice to the highway commission amplifying or strengthening the claim of the respondent against appellants. *Southern Surety Co. v. Metropolitan S. Comm., supra; Muller v. S. J. Groves & Sons Co.* 203 Wis. 203, 233 N. W. 88.

The trial court, in its memorandum decision, suggests the possibility of some collusion between the appellants and the Badger Wire & Iron Works. A careful examination of the record discloses no basis for such an assumption. On the other hand, it does disclose that for years the respondent and the Badger Wire & Iron Works were transacting business with each other, and that the president of the Badger Wire & Iron Works was a stockholder in the respondent company.

*By the Court.*—Judgment reversed, and cause remanded with instructions to grant judgment in appellants' favor dismissing the complaint.